**David FELTON, Petitioner–Appellant,**

v.

**Talmadge BARNETT; Attorney General of the State of North Carolina, Respondents–Appellees.**

No. 89–6684.

United States Court of Appeals, Fourth Circuit.

Argued April 3, 1990.

Decided Aug. 30, 1990.

Rehearing Denied Sept. 28, 1990.

Rehearing In Banc Denied Oct. 10, 1990.

Cindy LeBauer, Student Counsel, Appellate Litigation Clinical Program, Georgetown University Law Center, Washington, D.C., argued (Steven H. Goldblatt, Director, Maureen F. Del Duca, Supervising Atty., Pamela Cohen, Student Counsel, Appellate Litigation Clinical Program, Georgetown University Law Center, Washington, D.C., on brief), for petitioner-appellant.

Richard Norwood League, Sp. Deputy Atty. Gen., North Carolina Dept. of Justice, Raleigh, N.C., argued (Lacy H. Thornburg, Atty. Gen., Clarence J. DelForge, III, Associate Atty. Gen., North Carolina Dept. of Justice, Raleigh, N.C., on brief), for respondents-appellees.

Before ERVIN, Chief Judge, and CHAPMAN and WILKINSON, Circuit Judges.

CHAPMAN, Circuit Judge:

David Felton was convicted of rape in the Durham County Superior Court on September 12, 1972. There has never been any question of his guilt. He was caught in the act of raping a Duke coed by two campus policemen. His conviction was affirmed by the North Carolina Supreme Court in *State v. Felton*, 283 N.C. 368, 196 S.E.2d 239 (1973). Subsequently, he filed fourteen different petitions for appropriate relief in the State Courts of North Carolina, and he has filed four petitions for writs of habeas corpus in the federal courts. He has unsuccessfully appealed to this court in *Felton v. Rice*, 846 F.2d 71 (4th Cir.1988) (affirmed dismissal as successive pursuant to Habeas Rule 9(b)); *Felton v. Stephenson*, 559 F.2d 1211 (4th Cir.1977) (affirmed dismissal for failure to show exhaustion of state remedies); *Felton v. Stephenson*, two separate cases affirmed at 649 F.2d 863 (4th Cir. 1981) and 671 F.2d 498 (4th Cir.1981) (af-

firming dismissal with prejudice of successive petitions).

On March 4, 1988, Felton began another state court collateral attack upon his conviction alleging that there had been discrimination in the selection of the foreperson of the grand jury which returned the indictment against him, and also asserting that his counsel's failure to discover the discrimination constituted ineffective assistance. This petition followed the decision of the North Carolina Supreme Court in *State v. Cofield,* 320 N.C. 297, 357 S.E.2d 622 (1987), which held that the North Carolina Constitution prohibited racial discrimination in the selection of the grand jury foreperson. Following the *Cofield* decision, North Carolina's Administrative Office of the Courts surveyed the 100 counties in the state to determine the number of blacks appointed to the position of foreperson. The Administrative Office released a four-page report indicating that a black had been grand jury foreperson in Durham County within the last five years, but it contained no information about 1972, the year of Felton's indictment and conviction.

At the time of Felton's conviction and at all times thereafter, North Carolina law has required that exceptions to indictments, which would include the disqualification of grand jurors, are waived if not taken before the petit jury is sworn and impaneled. *State v. Rorie,* 258 N.C. 162, 128 S.E.2d 229 (1962). *See also* N.C.Gen. Stat. §§ 15A–952, –955 (time limits for filing pretrial motions in criminal cases and waiver for failure to timely file). Grounds for denial of a motion for appropriate relief are set forth in N.C.Gen.Stat. § 15A–1419, which provides:

(a) The following are grounds for the denial of a motion for appropriate relief:

   (1) Upon a previous motion made pursuant to this Article, the defendant was in a position to adequately raise the ground or issue underlying the present motion but did not do so. This subdivision does not apply to a motion based upon deprivation of the right to counsel at the trial or upon failure of the trial court to advise the defendant of such right. This subdivision does not apply when the previous motion was made within 10 days after the entry of judgment.

   (2) The ground or issue underlying the motion was previously determined on the merits upon an appeal from the judgment or upon a previous motion or proceeding in the courts of this State or a federal court, unless since the time of such previous determination there has been a retroactively effective change in the law controlling such issue.

   (3) Upon a previous appeal the defendant was in a position to adequately raise the ground or issue underlying the present motion but did not do so.

(b) Although the court may deny the motion under any of the circumstances specified in this section, in the interest of justice and for good cause shown it may in its discretion grant the motion if it is otherwise meritorious.

Felton's claim regarding racial discrimination in the selection of the grand jury foreperson was first presented to a North Carolina court in his petition of March 4, 1988. This claim did not appear in any of his fourteen prior state motions for appropriate relief, although ten of the prior motions were filed after the Supreme Court decision in *Rose v. Mitchell,* 443 U.S. 545, 99 S.Ct. 2993, 61 L.Ed.2d 739 (1979), held that the discriminatory selection of grand jury forepersons could violate the Fourteenth Amendment. On May 6, 1988, the Superior Court of North Carolina denied the March 4 petition. In denying Felton's motion, the court made certain findings and conclusions including the following:

(6) That upon defendant's previous appeal to the North Carolina Supreme Court the defendant was in a position to adequately raise the grounds and issues underlying the present motion herein but did not do so and therefore under the provisions of 15A–1419[ (a) ](3), this is grounds for denial for his motion.

(7) That Judge Thomas H. Lee's Order denying Motion for appropriate Relief

dated April 14, 1987 specifically ordered that "The failure of the Petitioner to raise and present any other statutory or constitutional claims in this paper writing shall be a BAR to any later assertion of said claims in any way in any court due to the applicable State and Federal Law." That this is grounds for dismissal of defendant's current petition.

(8) That when the defendant made said previous motion for appropriate relief, he was in a position to adequately raise the grounds and issues underlying the present motion herein but did not do so and therefore under the provisions of 15A–1419[ (a) ](1) this is grounds for denial of his motion.

After the Superior Court's denial of his motion, Felton applied to the North Carolina Supreme Court for a writ of certiorari, because review of collateral attacks in North Carolina is by way of certiorari and not direct appeal. N.C.Gen.Stat. § 15A–1422(c)(3). The writ of certiorari was denied as follows:

Upon consideration of the petition filed by Defendant in this matter for a writ of certiorari to review the Superior Court, Durham County, the following order was entered and is hereby certified to the Superior Court of that county:

Denied by order of the Court in conference, this the 30th day of June 1988.

On August 5, 1988, Felton commenced the present action in the United States District Court for the Middle District of North Carolina. The district court dismissed the habeas corpus petition and found that the May 6, 1988, order of the North Carolina Superior Court was "irrefutable evidence that the State enforced its procedural rules and found a waiver by the petitioner." The court concluded that Felton had committed procedural defaults and that the state had enforced its rules and that the district court could not reach the merits of Felton's claim unless he could show "cause and prejudice" for his defaults. The district court concluded that Felton could not show the cause and prejudice required by *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), that his claim of

ineffective assistance of counsel did not meet the two-prong test of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and that his claim for relief in the federal court was foreclosed.

I

Appellant contends that he is not procedurally barred from raising his federal claims on habeas review, because the last state court to rule in his case did not clearly and expressly state that its decision rested on independent and adequate state grounds as required by *Harris v. Reed*, 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989). Felton contends that the state court order is not "clear and express" in holding that there was a procedural default. *Harris v. Reed* considered whether a state court's reference to state law constituted an adequate and independent state ground for its judgment when there was ambiguity as to whether the state court had decided that there had been a procedural default. *Harris* concluded:

[A] procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case "clearly and expressly" states that its judgment rests on a state procedural bar.

*Id.* at 263, 109 S.Ct. at 1043 (quoting *Caldwell v. Mississippi*, 472 U.S. 320, 327, 105 S.Ct. 2633, 2638, 86 L.Ed.2d 231 (1985)). In addition, the Court held:

Having extended the adequate and independent state ground doctrine to habeas cases, we now extend to habeas review the "plain statement" rule for determining whether a state court has relied on an adequate and independent state ground.

*Id.* 489 U.S. at 1044, 109 S.Ct. at 1044.

The denial of the petition for certiorari was not, as Felton argues, the last state court judgment in this case, because the denial of such a writ is not a judgment but is simply a refusal to hear the appeal. Certiorari is a discretionary form of review and is not one of right. In *Brown v. Allen*,

344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953), Justice Frankfurter observed that the purpose of certiorari jurisdiction was to keep the business of the court within manageable proportions and instructed:

It is within the experience of every member of this Court that we do not have to, and frequently do not, reach the merits of a case to decide that it is not of sufficient importance to warrant review here. Thirty years ago the Court rather sharply reminded the Bar not to draw strength for lower court opinions from the fact that they were left unreviewed here. "The denial of a writ of certiorari imports no expression of opinion upon the merits of the case, as the bar has been told many times." *United States v. Carver*, 260 U.S. 482, 490 [43 S.Ct. 181, 182, 67 L.Ed. 361]. We have repeatedly indicated that a denial of certiorari means only that, for one reason or another which is seldom disclosed, and not infrequently for conflicting reasons which may have nothing to do with the merits and certainly may have nothing to do with any view of the merits taken by a majority of the Court, there were not four members of the Court who thought the case should be heard.

*Id.* 344 U.S. at 491–92, 73 S.Ct. at 438–39 (separate opinion of Frankfurter, J.). In *Newsom v. Peyton*, 341 F.2d 904, 905 (4th Cir.1965), we concluded that "denial of certiorari is not to be given the effect of a judgment on the merits." The rules and procedures of the North Carolina Supreme Court regarding writs of certiorari are substantially similar to those of the United States Supreme Court.[1] Therefore we must review the judgment of the Superior Court of Durham County entered May 6, 1988, to determine if it is sufficient to show procedural default as measured by *Harris v. Reed*.

■ This judgment contains a "plain statement" of reliance on a state procedural bar. In fact, it contains "plain statements" of three procedural bars resulting from Felton's failure to raise the issue of racial discrimination in selection of the grand jury foreperson in any of his prior actions. In paragraph (6) of the Superior Court order of May 6, 1988, the court gave as a ground for denial of Felton's motion for appropriate relief his failure to raise the issue in his previous appeal to the North Carolina Supreme Court, although at the time of the previous appeal he was in a position to adequately raise the grounds and issues presented in his March 4, 1988, petition. In paragraph (7) of the order, as a further ground for dismissing the March 4, 1988, petition, the court pointed to the language of the order of April 14, 1987, entered in one of Felton's twelve prior motions. This earlier order specifically held that Felton's failure to raise and present any other claims in the motion which was dismissed by the order operated as a bar to the later assertion of such claims. The claim which Felton now asserts falls under the bar of the earlier order. Finally, in paragraph (8) of the May 6, 1988, order, the court found that at the time of his prior motions Felton was in a position to have "adequately raised the grounds and issues underlying the present motion herein but did not do so and therefore under the provisions of 15A–1419[ (a) ](1) this is a ground for denial of his motion." Each of these three paragraphs in the Superior Court's May 6 order contains a plain statement of a reliance on a state procedural bar.

The judgment of the Superior Court "clearly and expressly" rests on a state procedural bar. This is an "adequate and independent state ground" under *Wainwright v. Sykes*, 433 U.S. 72, 81, 97 S.Ct. 2497, 2503, 53 L.Ed.2d 594 (1977): "[a]s to the role of adequate and independent state grounds, it is a well-established principle of federalism that a state decision resting on an adequate foundation of state substantive law is immune from review in the federal courts." As required by *Harris v. Reed*, this judgment is also from "the last State Court rendering a judgment in the case" and is a "plain statement" of that Court's reliance on adequate and independent state grounds.

1. Compare U.S. Supreme Court Rules 13–16 with North Carolina Rules of Appellate Procedure 15 and 21 and N.C.Gen.Stat. §§ 7A–31 and 15A–1422(b).

The adequacy of the state ground for procedural bar is answered by *Parker v. North Carolina*, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970), which held:

> We also have before us the question whether the indictment to which Parker pleaded is invalid because members of his race were allegedly systematically excluded from the grand jury that returned the indictment. The North Carolina Court of Appeals refused to consider the claim since under North Carolina law an objection to the composition of the grand jury must be raised by motion to quash the indictment prior to the entry of the guilty plea. Because Parker had failed to raise his objection in timely fashion, relief was unavailable. This state rule of practice would constitute an adequate state ground precluding our reaching the grand jury issue if this case were here on direct review. See *Fay v. Noia*, 372 U.S. 391, 428–429 [83 S.Ct. 822, 843–844, 9 L.Ed.2d 837] (1963). We are under similar constraint when asked to review a state court decision holding that the same rule of practice requires denial of collateral relief.

*Id.* 397 U.S. at 798, 90 S.Ct. at 1463 (footnote omitted).

There is no question that the state court's decision was premised on independent state law grounds. The appellant's failure to raise the present issue on his direct appeal to the North Carolina Supreme Court ran afoul of the state statute permitting the denial of a motion for appropriate relief, if "[u]pon a previous appeal the defendant was in a position to adequately raise the ground or issue underlying the present motion but did not do so." N.C.Gen.Stat. § 15A–1419(a)(3). Furthermore, appellant, who had filed so many previous motions and petitions, was barred by the Superior Court's order of April 14, 1987, from raising or presenting any other statutory or constitutional claims not raised in the papers giving rise to the April 14, 1987, order. The Superior Court also found that his failure to raise the ground in prior motions was barred by the provisions of § 15A–1419(a)(1).

All of these are independent state grounds and are not in any way interwoven with or dependent upon constitutional law. Arguing that the decision does not rest on independent state grounds, the appellant points to the state court's discussion of his ineffective assistance of counsel claim and his failure to allege facts sufficient to establish ineffective assistance of counsel under *Strickland v. Washington*, and the court's conclusion "that there are no probable grounds for relief, and defendant has suffered no violation of his state or federal constitutional rights or statutory rights." He claims that these passages in the state court's judgment are indicative of the court's consideration of the merits of his constitutional claims, and that the decision therefore does not "clearly and expressly" rest upon a state procedural bar. This argument is answered in *Harris v. Reed:*

> Moreover, a state court need not fear reaching the merits of a federal claim in an *alternative* holding. By its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law. See *Fox Film Corp. v. Muller*, 296 U.S. 207, 210 [56 S.Ct. 183, 184, 80 L.Ed. 158] (1935). Thus, by applying this doctrine to habeas cases, *Sykes* curtails reconsideration of the federal issue on federal habeas as long as the state court explicitly invokes a state procedural bar rule as a separate basis for decision. In this way, a state court may reach a federal question without sacrificing its interests in finality, federalism, and comity.

489 U.S. at 264 n. 10, 109 S.Ct. at 1044 n. 10.

It is hard to imagine a state court being more explicit in its invocation of a state procedural bar than the Superior Court of Durham County was in its May 6, 1988, order.

## II

The appellant can avoid the bar of procedural default if he can show "cause for the noncompliance" with state law and

"actual prejudice resulting from the alleged constitutional violation." *Wainwright v. Sykes*, 433 U.S. at 84, 97 S.Ct. at 2505. Appellant argues that the issue of a constitutional deprivation because of racial discrimination in the selection of the foreperson of the grand jury was sufficiently novel at the time of his trial and original appeal as not to be reasonably available to counsel and therefore it would qualify as cause under *Reed v. Ross*, 468 U.S. 1, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984). However, racial discrimination in juries was effectively outlawed in *Strauder v. West Virginia*, 100 U.S. 303, 25 L.Ed. 664 (1879), and Form AO 241, Petition Under 28 U.S.C. 2254 for Writ of Habeas Corpus by a Person in State Custody, contains a list of the most frequently raised grounds for relief including "conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled." This form was revised in May 1985 and was used by Felton to initiate his present action.

In *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982), the Court discussed cause and prejudice in the light of the failure to object to a jury instruction.

We do not suggest that every astute counsel would have relied upon *Winship* to assert the unconstitutionality of a rule saddling criminal defendants with the burden of proving an affirmative defense. Every trial presents a myriad of possible claims. Counsel might have overlooked or chosen to omit respondents' due process argument while pursuing other avenues of defense. We have long recognized, however, that the Constitution guarantees criminal defendants only a fair trial and a competent attorney. It does not insure that defense counsel will recognize and raise every conceivable constitutional claim. Where the basis of a constitutional claim is available, and other defense counsel have perceived and litigated that claim, the demands of comity and finality counsel against labeling alleged unawareness of the objection as cause for a procedural default.

*Id.* 456 U.S. at 133–34, 102 S.Ct. at 1574–75. In *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986), the Court discussed procedural default due to counsel error and stated:

We think, then, that the question of cause for a procedural default does not turn on whether counsel erred or on the kind of error counsel may have made. So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in *Strickland v. Washington, supra,* we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default. Instead, we think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.

Felton cannot meet the requirement of either showing that the default was due to some objective factor external to the defense or that his counsel was ineffective under the standard of *Strickland v. Washington.* He cannot show that his attorney's failure to raise a challenge to the grand jury foreperson fell below the objective standard of reasonableness or that he was prejudiced by his attorney's ineffectiveness.

The only prejudice he claims is the loss of the right to a new trial. Under *United States v. Frady*, 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982), appellant must show actual prejudice resulting from the error of which he complains. It is not enough to show a possibility of prejudice; he must show that his attorney's failure to raise the issue worked to his actual and substantial disadvantage and infected his entire trial with error of constitutional dimensions. This he has not been able to do.

We conclude that the district court was correct in finding that Felton's procedural defaults barred federal review of his present claims.

AFFIRMED.