918 F.2d 955
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William Earl MATTHEWS, Petitioner-Appellant,
v.
Talmadge BARNETT, Attorney General of the State of North
Carolina, Respondents-Appellees.
 No. 89-6875.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 15, 1990.
Decided Nov. 21, 1990.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, Chief District Judge. (CA-88-854-HC)
 William Earl Matthews, appellant pro se.
 Richard Norwood League, Office of the Attorney General of North Carolina, Raleigh, N.C., for appellees.
 E.D.N.C.
 DISMISSED.
 Before PHILLIPS, SPROUSE and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 William Earl Matthews challenges his North Carolina criminal conviction on the grounds that there was discrimination in the selection of his grand jury foreman, violating equal protection and due process, and that his trial counsel was ineffective for failing to challenge the discrimination. For the reasons stated, we deny a certificate of probable cause and dismiss the appeal.
 
 
 2
 Under Teague v. Lane, 489 U.S. 288 (1989), a federal habeas court must first address whether the rule of law pressed by petitioner is "new" in the sense that the rule was not dictated by precedent existing at the time his conviction became final. Even if controlled or governed by existing precedent, a rule is new unless "a state court considering [the] claim at the time his conviction became final would have felt compelled by existing precedent to conclude that the rule [petitioner] seeks was required by the Constitution." Saffle v. Parks, 58 U.S.L.W. 4322, 4323 (U.S. Mar. 5, 1990) (No. 88-1264). If the rule asserted by petitioner is new, the court should not address its merits unless it first determines that the rule would be applied retroactively. Under Teague, a new rule applies retroactively on a federal collateral attack only if it places a class of private conduct beyond the power of the state to proscribe or if the rule requires the court to observe procedures essential to fundamental fairness, without which the likelihood of an accurate conviction is seriously diminished. Teague, 489 U.S. at 330.
 
 
 3
 Matthews's conviction became final in 1979. Although the Supreme Court has long held that discrimination in selection of the grand jury itself violates equal protection, Strauder v. West Virginia, 100 U.S. 303 (1880); Alexander v. Louisiana, 405 U.S. 625 (1972), no existing precedent would have compelled a state court to conclude that discrimination in the choice of foreman from among members of the grand jury would invalidate a conviction as violating equal protection or due process. Several months after Matthews's conviction became final, the Supreme Court assumed without deciding that discrimination in selection of a foreman from among the general population, who was a voting member of the grand jury and who effectively held a veto power over the indictment, violated equal protection. Rose v. Mitchell, 443 U.S. 545 (1979). The Court has since distinguished Rose, holding that discrimination in selection of a foreman from among the grand jury members, to perform largely ministerial functions, does not invalidate a conviction under the due process clause. Hobby v. United States, 468 U.S.339 (1984).*
 
 
 4
 Although the grand jury discrimination decisions extant at the time Matthews's conviction became final in 1979 would have informed North Carolina courts of the proper method to analyze claims of discrimination in the selection of grand jury foremen, these decisions would not have dictated or compelled a court to conclude that discrimination in the choice of a foreman violates equal protection or due process, invalidating a resulting conviction. Accordingly, the rule Matthews asks this court to apply is "new" within the meaning of Teague, and can apply retroactively only if it falls within one of the exceptions stated in Teague. Because the rule neither places a class of private conduct beyond the power of the state to proscribe nor requires observance of procedures essential to fundamental fairness, without which the likelihood of an accurate conviction is seriously diminished, the rule would not apply retroactively, and the merits of Matthews's claim are not before us for consideration.
 
 
 5
 We also reject Matthews's ineffective assistance claim premised on trial counsel's failure to raise the discrimination issue because Matthews is unable to meet the prejudice prong of Strickland v. Washington, 466 U.S. 668 (1984). By prevailing on a discrimination claim, counsel would only have delayed the trial, rather than changed its outcome--the state would simply have reindicted Matthews if the first indictment had been dismissed based on discrimination in selection of the foreman. See Felton v. Barnett, 912 F.2d 92 (4th Cir.1990); Francois v. Wainwright, 741 F.2d 1275, 1284-85 (4th Cir.1984).
 
 
 6
 Accordingly, we deny a certificate of probable cause and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 7
 DISMISSED.
 
 
 
 *
 Whether the ministerial nature of a foreman's duties similarly defeats an equal protection claim is an issue on which courts, since Hobby, have not agreed. Compare State v. Cofield, 320 N.C. 297, 357 S.E.2d 622 (1987), with State v. Ramseur, 106 N.J. 123, 236-38, 524 A.2d 188, 244-45 (1987)