920 F.2d 927
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Charles WHARTON, a/k/a Hillary Boyce, Petitioner-Appellant,
v.
Talmadge BARNETT, Attorney General of North Carolina,
Respondents-Appellees.
 No. 89-7199.
 United States Court of Appeals,
Fourth Circuit.
 Submitted Dec. 3, 1990.
Decided Dec. 13, 1990.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Malcolm J. Howard, District Judge. (CA-89-308-HC-H)
 Charles Wharton, appellant pro se.
 Clarence Joe DelForge, III, Office of the Attorney General of North Carolina, Raleigh, N.C., for appellees.
 E.D.N.C.
 DISMISSED.
 Before K.K. HALL, MURNAGHAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Charles Wharton seeks to appeal the district court's denial of habeas corpus relief under 28 U.S.C. Sec. 2254. Wharton claimed that discrimination in selection of his grand jury foreman violated equal protection and due process and that his attorney was ineffective in failing to raise such a challenge.
 
 
 2
 We find that the rule of law asserted by Wharton (that discrimination in selection of the foreman required dismissal of his indictment) was not dictated or compelled by precedent existing at the time his conviction became final. Under Teague v. Lane, 489 U.S. 288 (1989), the asserted rule cannot be applied retroactively on collateral attack unless it places a class of private conduct beyond the power of the state to proscribe or requires the court to observe procedures essential to fundamental fairness, without which the likelihood of an accurate conviction is seriously diminished. Because the rule asserted by Wharton meets neither of these exceptions, it does not afford a basis for federal habeas relief.
 
 
 3
 Moreover, based on this Court's recent decision in Felton v. Barnett, 912 F.2d 92 (4th Cir.1990), we find Wharton's challenge to discrimination in selection of his foreman to be procedurally barred and further find his claim of ineffective assistance without merit in that Wharton was not prejudiced by counsel's failure to object to the selection of the foreman.
 
 
 4
 For these reasons, we deny a certificate of probable cause and dismiss the appeal. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 5
 DISMISSED.