935 F.2d 1287
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Haywood L. PEELE, Petitioner-Appellant,
v.
Talmadge BARNETT, Attorney General of the State of North
Carolina, Lacy H. Thornburg, Respondents-Appellees.
 No. 90-6609.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 10, 1990.
Decided June 20, 1991.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Franklin T. Dupree, Jr., Senior District Judge. (CA-90-316-HC)
 Haywood L. Peele, appellant pro se.
 E.D.N.C.
 DISMISSED.
 Before K.K. HALL, MURNAGHAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Haywood L. Peele seeks to appeal the district court's dismissal of his 28 U.S.C. Sec. 2254 petition. Peele, a black male, challenges his North Carolina murder conviction on the grounds that there was discrimination in the selection of his grand jury foreman, in violation of equal protection, and that his trial counsel was ineffective for failing to challenge the discrimination. For the reasons stated, we grant leave to proceed in forma pauperis on appeal, deny a certificate of probable cause, and dismiss the appeal.
 
 
 2
 Under Teague v. Lane, 489 U.S. 288 (1989), a federal habeas court must first address whether the rule of law pressed by petitioner is "new" in the sense that the rule was not dictated by precedent existing at the time his conviction became final. Even if controlled or governed by existing precedent, a rule is "new" unless "a state court considering the claim at the time [petitioner's] conviction became final would have felt compelled by existing precedent to conclude that the rule [petitioner] seeks was required by the Constitution." Saffle v. Parks, 58 U.S.L.W. 4322, 4323 (U.S. Mar. 5, 1990) (No. 88-1264). If the rule asserted by petitioner is new, the court should not address its merits unless it first determines the rule would be applied retroactively. Under Teague, a new rule applies retroactively on federal collateral attack only if it places a class of private conduct beyond the power of the state to proscribe or if it requires the observance of procedures which are essential to fundamental fairness and without which the likelihood of an accurate conviction is seriously diminished. See also Bassette v. Thompson, 915 F.2d 932 (4th Cir.1990).
 
 
 3
 Peele's conviction became final in 1972. Although the Supreme Court had long before then held that discrimination in the selection of the grand jury itself violates equal protection, Strauder v. West Virginia, 100 U.S. 303 (1879), no existing precedent would have compelled a state court to conclude that discrimination in the choice of foreman from among members of the grand jury would invalidate a conviction as violative of equal protection. Indeed, at that time the Supreme Court had not yet decided Rose v. Mitchell, 443 U.S. 545 (1979), which assumed, without deciding, that discrimination in the selection of a foreman who exercised significant power could violate equal protection. The Court has since distinguished Rose, holding that discrimination in selection of a foreman from among the grand jury members, to perform largely ministerial functions, does not invalidate a conviction under the due process clause. Hobby v. United States, 468 U.S. 339 (1984).
 
 
 4
 Although the grand jury discrimination decisions in existence in 1972 would have informed the analysis of Peele's claim of discrimination in selection of his foreman, they would not have dictated or compelled the conclusion that this discrimination violates equal protection, invalidating the resulting conviction. Accordingly, the rule Peele asks this court to apply is "new" within the meaning of Teague, and can apply retroactively only if it falls within one of the exceptions stated in Teague. Because the rule neither places a class of private conduct beyond the power of the state to proscribe nor requires observance of procedures essential to fundamental fairness without which the likelihood of an accurate conviction is seriously diminished, the rule would not apply retroactively, and its merits are not before us for consideration.
 
 
 5
 We also reject Peele's ineffective assistance of counsel claim arising from trial counsel's failure to raise this discrimination issue. Peele is unable to meet the prejudice prong of Strickland v. Washington, 466 U.S. 668 (1984). By prevailing on a discrimination claim, counsel would only have delayed the trial, rather than changed its outcome since the state would simply have reindicted Peele if the first indictment had been dismissed based on discrimination in the selection of a grand jury foreman. See Felton v. Barnett, 912 F.2d 92 (4th Cir.1990); Francois v. Wainwright, 741 F.2d 1275, 1284-85 (11th Cir.1984).
 
 
 6
 Accordingly, we grant leave to proceed in forma pauperis on appeal, deny a certificate of probable cause, and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 DISMISSED.