940 F.2d 652
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
David FELTON, Petitioner-Appellant,
v.
Talmadge BARNETT, Attorney General of North Carolina,
Respondents-Appellees.
 No. 91-6791.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 13, 1991.
Decided Aug. 8, 1991.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Durham. Norwood Carlton Tilley, Jr., District Judge. ) CA-90-564-CV-1)
 David Felton, appellant pro se.
 M.D.N.C.
 DISMISSED.
 Before WILKINSON and WILKINS, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 David Felton, a North Carolina prisoner, brought a petition for writ of habeas corpus attacking his 1972 rape conviction on numerous grounds. The district court denied the petition as successive and abusive under Habeas Rule 9. Finding no error, we deny a certificate of probable cause and dismiss the appeal.
 
 
 2
 In this petition, Felton's seventh, he claimed that there was racial discrimination in the selection of the grand jury foreperson, and that he was denied due process because the trial court read the indictment to the jury. He claimed that his attorney was ineffective in failing to object to the alleged discrimination and the reading of the indictment. He also claimed that he was denied effective assistance of counsel for a number of reasons, including his attorney's failure to object to comments by the trial judge to the jury and to a newspaper reporter; failure to object to the court's not sentencing him as a youthful offender; and failure to object to his conviction in light of insufficient evidence of coercion.
 
 
 3
 The magistrate judge recommended that the action be dismissed as successive or abusive, stating that "most, if not all, of these claims have been presented to the Court in earlier petitions." The district court adopted the recommendation. However, neither the district court nor the magistrate judge informed Felton of his right to explain the reason for failure to raise any claims not previously raised in his other habeas petitions.
 
 
 4
 This Court has held that a district court may not determine, based solely on the petition and court records, that a petitioner has deliberately withheld known grounds for habeas relief. Johnson v. Copinger, 420 F.2d 395, 399 (1969). The Court further held that the district court must, in such a situation, give notice to the petitioner that the action may be dismissed as abusive and afford the petitioner an opportunity to explain why any grounds for relief were not presented in earlier petitions. 420 F.2d at 399-400. However, the rule in Johnson does not apply to claims which have actually been presented to the court in previous petitions. Miller v. Bordenkircher, 764 F.2d 245 (4th Cir.1985).
 
 
 5
 Felton has presented his claim that there was discrimination in the selection of the grand jury foreperson in a recent habeas petition, and that claim was fully considered. Felton v. Barnett, 912 F.2d 92 (4th Cir.1990), cert. denied, 59 U.S.L.W. 3461 (U.S.1991). The Court also addressed Felton's claim that his attorney was ineffective for failing to raise an objection to the selection of a grand jury foreperson. 912 F.2d at 93, 97. Therefore, these claims were properly dismissed as successive.
 
 
 6
 Felton also claimed that he was denied effective assistance of counsel for a number of reasons, including his attorney's failure to object to comments by the trial judge to the jury and to a newspaper reporter; failure to object to the court's not sentencing him as a youthful offender; and failure to object to his conviction in light of insufficient evidence of coercion. Felton has raised claims of ineffective assistance in all of his previous habeas petitions. Felton v. Stevenson, CA-76-299-G (M.D.N.C. Aug. 12, 1976), appeal dismissed, No. 768358 (4th Cir. Aug. 16, 1977) (unpublished); Felton v. Stevenson, CA-80-234-G (M.D.N.C. Oct. 1, 1980), appeal dismissed, No. 808320 (4th Cir. Mar. 18, 1981) (unpublished); Felton v. Stevenson, CA-81-206-D (M.D.N.C. May 8, 1981), appeal dismissed, No. 818214 (4th Cir. Sept. 22, 1981) (unpublished); Felton v. Stevenson, CA-82-680-D (M.D.N.C. June 14, 1982), appeal dismissed, No. 828185 (4th Cir. Oct. 25, 1982) (unpublished); Felton v. Rice, CA-8725-D (M.D.N.C. Aug. 11, 1987), appeal dismissed, No. 87-7693 (4th Cir. Apr. 18, 1988) (unpublished).
 
 
 7
 The record does not reflect all of Felton's particular allegations of ineffectiveness of counsel. However, Felton specifically raised claims regarding his attorney's ineffectiveness in failing to object to the trial judge's comments to the jury and the prejudicial publicity about the case in Felton v. Stevenson, CA-80-234-G, and Felton v. Stevenson, CA-82-680-D. He raised claims about the trial court's failure to sentence him as a youthful offender in Felton v. Stevenson, CA-80-234G. And he raised claims about the sufficiency of the evidence to support the conviction in Felton v. Stevenson, CA-81-206-D, and Felton v. Stevenson, CA-82-680-D. Because all of these claims were raised in some form in Felton's previous petitions, the district court did not err in dismissing them as successive. Miller v. Bordenkircher, 764 F.2d at 249.
 
 
 8
 Finally, Felton raised a due process claim in Felton v. Stevenson, CA-76-299-G, though the record does not reflect whether this claim related to the reading of the indictment at trial. In any event, submission of the indictment to the jury is a matter within the trial court's discretion. See United States v. Coward, 669 F.2d 180, 184 (4th Cir.), cert. denied, 456 U.S. 946 (1982). Therefore, the district court's error in failing to give Felton notice under Johnson v. Copinger regarding this claim is harmless.
 
 
 9
 We deny a certificate of probable cause to appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid the decisional process.
 
 
 10
 DISMISSED.