944 F.2d 901
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
nnie J. COBB, Sr., Petitioner-Appellant,
v.
Randell E. LEE, Lacy H. Thornburg, Attorney General of the
State of North Carolina, Respondents-Appellees.
 No. 91-6302.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 7, 1991.
Decided Sept. 13, 1991.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, District Judge. (CA-90-446-HC)
 Ronnie J. Cobb, Sr., appellant pro se.
 Clarence Joe DelForge, III, Office of the Attorney General of North Carolina, Raleigh, N.C., for appellees.
 E.D.N.C.
 AFFIRMED AS MODIFIED.
 Before RUSSELL, MURNAGHAN, and WILKINSON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Ronnie J. Cobb, a North Carolina prisoner, brought this habeas petition pursuant to 28 U.S.C. § 2254 challenging his 1977 conviction on charges of rape and kidnapping. He contended that there was racial discrimination in the selection of the grand jury foreperson, and that his conviction was obtained with an involuntary guilty plea.[1] The district court denied the habeas petition on the recommendation of the magistrate judge. We grant a certificate of probable cause to appeal and affirm the district court's order as modified.
 
 
 2
 After his conviction, Cobb took a direct appeal to the North Carolina Supreme Court, which affirmed. State v. Cobb, 295 N.C. 1, 243 S.E.2d 759 (1978). He then applied to the governor for executive clemency. When this petition was denied, he filed a motion for appropriate relief in the superior court claiming that his sentence was excessive and that he was tried with a codefendant against whom the evidence was different. The superior court denied relief, holding that the claims raised by Cobb could not be addressed in a motion for appropriate relief. The North Carolina Supreme Court denied certiorari.
 
 
 3
 He filed a second motion for appropriate relief in the superior court, this time claiming that there was racial discrimination in the selection of the grand jury foreperson. The petition was denied as procedurally barred and, alternatively, as without merit. He applied for a writ of certiorari to the North Carolina Supreme Court, which denied the petition.
 
 
 4
 He then filed a habeas petition in the district court raising the claim regarding the plea proceeding, but the district court denied the petition for failure to exhaust. Cobb filed a third motion for appropriate relief in the superior court raising the plea proceeding claim. However, that petition was denied. He failed to apply for a writ of certiorari after the dismissal of the third motion.
 
 
 5
 In this, his second § 2254 petition, Cobb claimed that there was discrimination in the selection of the grand jury foreperson, and that the plea proceeding was improper. The respondents moved for summary judgment. In support of the motion, the respondents asserted that Cobb failed to exhaust his state remedies as to the plea proceeding, so the habeas petition should be dismissed as a mixed petition under Rose v. Lundy, 455 U.S. 509 (1982). The respondents also contended that Cobb's claims were substantively without merit.
 
 
 6
 The case was referred to a magistrate judge. The magistrate judge found that Cobb's claim regarding the grand jury foreperson was procedurally barred, and that the claim regarding the plea proceeding was not exhausted at the state level. The magistrate judge recognized that the petition contained both exhausted and unexhausted claims, and that generally such a petition should be dismissed under Rose v. Lundy. However, he recommended instead that the petition be denied for failure to exhaust the plea proceeding claim, and for procedural default on the grand jury foreperson claim. The magistrate judge stated that if Cobb exhausted that claim, he could bring it again in a later habeas petition, implying but not expressly stating that the recommended dismissal of that claim for failure to exhaust was to be without prejudice.
 
 
 7
 Cobb lodged timely objections to the magistrate judge's report. In those objections, he moved to dismiss with or without prejudice his grand jury foreperson claim. The district court adopted the recommendation and dismissed the petition; the court did not expressly rule on the motion to dismiss the grand jury foreperson claim. Cobb appealed.
 
 
 8
 As the district court found, Cobb did not exhaust his claim regarding the plea proceeding. In order to exhaust a claim in North Carolina, it must be presented to the state supreme court, either on direct appeal or in a motion for appropriate relief. N.C.Gen.Stat. §§ 7A-31, 15A1401. Cobb did not present this claim to the North Carolina Supreme Court on his direct appeal. State v. Cobb, 295 N.C. 1, 243 S.E.2d 759 (1978). Further, he presented this claim to the superior court in his third motion for appropriate relief but failed to seek a writ of certiorari after the motion was denied. Therefore, he has not exhausted his state remedies on this claim. Cobb's claim regarding the grand jury foreperson was exhausted.
 
 
 9
 The district court should generally dismiss a case containing both exhausted and unexhausted claims. Rose v. Lundy, 455 U.S. 509. Cobb moved to dismiss the grand jury foreperson claim with or without prejudice after the magistrate judge's report, so he abandoned that claim prior to the district court's order.[2] Consequently, the district court's dismissal of that claim, though improper under Rose v. Lundy, was harmless.[3] The only remaining issue on appeal is the propriety of the dismissal of the plea proceeding claim.
 
 
 10
 The magistrate judge found that the North Carolina Supreme Court would likely find that Cobb's plea proceeding claim was procedurally defaulted, but noted that Cobb's failure to exhaust this claim was dispositive. Richardson v. Turner, 716 F.2d 1059 (4th Cir.1983). As the magistrate judge noted, it is possible that the North Carolina Supreme Court could find that Cobb's procedural default could be excused "in the interest of justice and for good cause shown." N.C.Gen.Stat. § 15A-1419(b). Because the plea proceeding claim was not exhausted, and because there may be a state remedy available to Cobb, the petition should have been dismissed without prejudice as to this claim.[4] Therefore, we modify the district court's order to reflect a dismissal without prejudice as to the plea proceeding claim.
 
 
 11
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 12
 AFFIRMED AS MODIFIED.
 
 
 
 [1]
 This claim is somewhat misleading, as Cobb actually entered a plea of not guilty and was tried by a jury. Cobb contended that the jury was present at the time he engaged in a plea colloquy where he first stated his intention to enter a guilty plea, but later entered a plea of not guilty. He claimed that he was prejudiced by the alleged presence of the jury
 
 
 [2]
 Cobb did not attempt to revive the grand jury foreperson claim on appeal
 
 
 [3]
 The magistrate judge correctly determined that this claim was procedurally barred. The state superior court denied the motion for appropriate relief on this claim on procedural default grounds, and the state supreme court denied the petition for writ of certiorari without opinion. Here, as in Felton v. Barnett, 912 F.2d 92 (4th Cir.1990), cert. denied, 59 U.S.L.W. 3461 (U.S.1991), the last state court to hear the case relied on procedural default to deny the motion for relief. Therefore, under the reasoning of Felton, the grand jury foreperson claim was procedurally barred
 
 
 [4]
 We express no opinion on the merits of this claim