**Joseph R. JOHNSON, # 208–342, Petitioner,**

v.

**Sewall SMITH, Warden, et al., Respondents.**

**Civ. A. No. AMD96–3602.**

United States District Court, D. Maryland.

Nov. 10, 1997.

---

Joseph R. Johnson, Jessup, MD, pro se.

Anne N. Bosse, J. Joseph Curran, Jr., David Jonathan Taube, Office of the Attorney General, Baltimore, MD, for defendant.

## MEMORANDUM

DAVIS, District Judge.

Petitioner Joseph R. Johnson, a Maryland prison inmate, has filed the instant petition for a writ of habeas corpus pursuant to 28

**946**

U.S.C. § 2254, seeking relief from his 1988 conviction for daytime housebreaking, based on his guilty plea, in the Circuit Court for Baltimore City. For the reasons set forth below, the petition is denied.

## I. FACTS & PROCEDURAL HISTORY

On May 18, 1988, Johnson entered an *Alford*[1] plea in the Circuit Court for Baltimore City to the charge of daytime housebreaking. Pursuant to this plea, the court (1) sentenced Johnson to eight years, all but one year suspended, plus five years of probation upon release, and (2) ordered him to pay his victim $1,148 in restitution. Johnson did not seek direct review of the conviction and sentence. In 1995, however, after the suspended portion of the sentence had been reimposed, he filed a petition for post conviction relief, claiming that (1) the trial court violated due process and Maryland Rule 4–242 in failing to advise him of the nature of the charges against him; (2) the court failed to make findings sufficient to ensure that there was a factual basis for the plea, in violation of due process and Maryland Rule 4–242; and (3) counsel provided ineffective assistance in failing to object to the errors that gave rise to the first two claims, and in failing to inform Johnson of the elements of daytime housebreaking. After an evidentiary hearing, the court (by order dated February 22, 1996) denied the petition. First, the court concluded that the first two claims were waived by Johnson's failure to raise them on direct review. Second, the court further concluded that, even if there was no waiver, Johnson's first two claims lacked merit because (1) the term "daytime housebreaking" is self-explanatory, and (2) the prosecutor's recitation of the facts adequately established a factual basis for the plea. Finally, the court concluded that Johnson was afforded effective representation (i.e., the court found that counsel had accurately evaluated Johnson's chances had he gone to trial, and that he carefully explained to Johnson the rights being waived by his plea), and that there was "no objective evidence to corroborate petitioner's self-serving statement that but for his lawyer's ineffective assistance and his own lack of understanding of the charges against him he would not have allowed the

fear of a harsher ten-year penalty to 'overwhelm him to plead guilty.'"

Johnson filed a petition for leave to appeal with the Maryland Court of Special Appeals. The court, in an unreported, per curiam opinion dated May 6, 1996, denied Johnson's petition. Johnson then petitioned for review in the Maryland Court of Appeals, which denied review.

Johnson thereafter timely filed the instant petition in this Court, asserting two claims: (1) he did not understand the nature of the charges against him or the consequences of the guilty plea; and (2) his attorney was ineffective in failing to investigate alleged weaknesses in the state's case, and in not advising Johnson of the nature of the charges against him. The respondents have filed an Answer to the petition, and the matter is ripe for resolution. No hearing is necessary. *See* Rule 8, *Rules Governing Section 2254 Cases in the United States District Courts*; *see also* Local Rule 105.6 (D.Md.).

## II. ISSUES PRESENTED

A. Whether Johnson's claim that his plea was involuntary is procedurally defaulted; and if not,

B. Whether the state post conviction court acted reasonably in concluding that Johnson had voluntarily, knowingly and intelligently entered his guilty plea; and

C. Whether the state post conviction court acted reasonably in concluding that Johnson was afforded effective assistance of counsel.

## III. ANALYSIS

### A. The Law

1. Exhaustion and Procedural Default

Generally, a state prisoner seeking federal habeas corpus relief must have first presented each of his claims to the state courts having jurisdiction to consider the claims asserted, including the state's highest court. *Gray v. Netherland*, 518 U.S. 152, ――――, 116 S.Ct. 2074, 2080–82, 135 L.Ed.2d 457 (1996); *Coleman v. Thompson*, 501 U.S. 722, 731–32, 111 S.Ct. 2546, 2554–55,

1. *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct.   160, 27 L.Ed.2d 162 (1970).

115 L.Ed.2d 640 (1991); *Castille v. Peoples,* 489 U.S. 346, 349–52, 109 S.Ct. 1056, 1059–60, 103 L.Ed.2d 380 (1989); *Matthews v. Evatt,* 105 F.3d 907, 911 (4th Cir.), *cert. denied sub nom. Matthews v. Moore,* —— U.S. ——, 118 S.Ct. 102, —— L.Ed.2d —— (1997). To meet this exhaustion requirement, a state prisoner must have "fairly presented" both the same legal claims and the same supporting facts to each of the appropriate state courts. *Gray,* 518 U.S. at ——, 116 S.Ct. at 2081; *Duncan v. Henry,* 513 U.S. 364, 364–67, 115 S.Ct. 887, 887–88, 130 L.Ed.2d 865 (1995) (per curiam); *Mallory v. Smith,* 27 F.3d 991, 994–95 (4th Cir.), *cert. denied,* 513 U.S. 1047, 115 S.Ct. 644, 130 L.Ed.2d 549 (1994). If a petitioner has failed to take these steps, his claim is not exhausted. *Gray,* 518 U.S. at —— – ——, 116 S.Ct. at 2080–81; *Meadows v. Legursky,* 904 F.2d 903, 909–10 (4th Cir.) (en banc), *cert. denied,* 498 U.S. 986, 111 S.Ct. 523, 112 L.Ed.2d 534 (1990). Where a federal habeas petition presents both exhausted and unexhausted claims, the whole petition must be dismissed unless the state expressly waives the exhaustion requirement. *Rose v. Lundy,* 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982); 28 U.S.C. § 2254(b)(3). Moreover, "the petitioner bears the burden of demonstrating that state remedies have, in fact, been exhausted." *Mallory,* 27 F.3d at 994.

■ In determining whether the exhaustion requirements are met, a court is to inquire whether the prisoner has indeed fairly presented his claims with the same supporting facts and legal theories in every one of the appropriate state courts. *Gray,* 518 U.S. at —— – ——, 116 S.Ct. at 2080–83; *Mallory,* 27 F.3d at 994–96; *Meadows,* 904 F.2d at 908–10. Where it appears that the prisoner has failed to do so, a court is to determine whether this default has rendered further state review unavailable. *Id.* If further state review is not available, then the petition as a whole should not be dismissed for lack of exhaustion, but federal review of those claims that were not fully litigated in the state courts will ordinarily be barred under the procedural default doctrine unless the petitioner shows "cause" for his procedural default and "prejudice" resulting therefrom, or that a failure to review the merits of the defaulted claim will result in the continued incarceration of an "actually innocent" person. *See Gray,* 518 U.S. at —— – ——, 116 S.Ct. at 2080–81; *Coleman,* 501 U.S. at 731–32, 735 n. 1, 111 S.Ct. at 2554–55, 2557 n. 1.

Under Maryland law at the time of Johnson's guilty plea, Johnson was entitled to apply to the Maryland Court of Special Appeals for discretionary review of his conviction. *See* Md.Code Ann., Cts. & Jud. Proc. Art., § 12–302(e) (1984 Repl.Vol.). Johnson could also collaterally attack his conviction pursuant to the provisions of Maryland's Uniform Post Conviction Procedural Act. *See* Md.Code Ann., Art. 27, §§ 645A–645J (1996 Repl.Vol.). Until October 1, 1995, Johnson was permitted to file two such petitions with respect to a particular conviction. Md.Code Ann., Art. 27, § 645A(a)(2) (1992 Repl.Vol.). After that date, however, the post conviction act permits only one petition for post conviction relief to be filed with respect to a particular conviction. *See* Md.Code Ann., Art. 27, § 645A(a)(2) (1996 Repl.Vol.); 1995 Md. Laws, Ch. 110 (amending Article 27, § 645A so as to provide for a single post conviction petition that may be reopened only "in the interests of justice"). But even before October 1, 1995, the provisions of Article 27, § 645A could also bar the presentation of claims that were or could have been raised in earlier proceedings. *See* Md.Code. Ann., Art. 27, § 645A(b); *Hernandez v. State,* 108 Md.App. 354, 361–65, 672 A.2d 103 (1996), *aff'd,* 344 Md. 721, 690 A.2d 526 (1997). In any case, review of the denial of post conviction relief is by application for leave to appeal to the Court of Special Appeals of Maryland. *See* Md.Code Ann., Art. 27, § 645–I; *see also Sherman v. State,* 323 Md. 310, 593 A.2d 670 (1991).

2. Standard of Review

■ Johnson filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). The AEDPA, which became effective on April 24, 1996, significantly modified federal habeas corpus law. Section 104(b) of Title I of the AEDPA amended 28 U.S.C. § 2254(b), to provide, *inter alia,* that: "(2) An application for a writ of habeas corpus *may be denied on*

*the merits,* notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." (emphasis added). Therefore, this Court may reach the merits of Johnson's claims without deciding whether they were exhausted. Moreover, under amended § 2254(d),[2] a federal court cannot grant relief on a claim which involves a question of law or mixed questions of law and fact so long as the state court denied the claim based on a reasonable application of controlling Supreme Court precedent to the facts, as found in the state-court proceeding.[3] *Nobles v. Johnson,* 127 F.3d 409, 416 (5th Cir. 1997)("When reviewing a mixed question of law and fact under the AEDPA, a federal court may grant habeas relief only if it determines that the state court decision rested on 'an unreasonable application of [ ] clearly established Federal law, as determined by the Supreme Court,' to the facts of the case. . . . An application of law to facts is unreasonable 'only when it can be said that reasonable jurists considering the question would be of one view that the state court ruling was incorrect.' ") (citations omitted). *See generally Lindh v. Murphy,* 96 F.3d 856, 870–71 (7th Cir.1996)(en banc)(discussing possible meanings of "unreasonable application" standard), *rev'd on other grounds,* —— U.S. ——, —— – ——, 117 S.Ct. 2059, 2062–68, 138 L.Ed.2d 481 (1997)(amended § 2254(d) not applicable to non-capital habeas cases filed before effective date of AEDPA).

### B. Validity of Johnson's Guilty Plea

■ Johnson's first claim is that his plea was not knowing, intelligent and voluntary (that is, he did not understand the nature of the charges against him or the consequences of the plea). Respondents contend that one part of this claim is procedurally defaulted because Johnson has never claimed that he did not understand the consequences of his plea, and that the other part of this claim—

that he was ignorant of the nature of the charges against him—is procedurally defaulted because the post conviction court expressly found the claim waived under state law. *See* Ans., Exh. 5 at 2.

I agree that, based on the legal principles discussed above, Johnson's claim that his plea was involuntary is procedurally defaulted. This is true even though Maryland law permits a petitioner to seek to reopen a previously-concluded, post conviction proceeding, *see* Md.Code Ann., Art. 27, § 645(a)(2)(iii) (1996 Repl.Vol.), since the presentation of a claim in a petition to reopen would not satisfy the exhaustion requirement in that such relief is solely within the state court's discretion upon a finding "that such action is in the interests of justice." *See id.*

■ Even if procedural default did not bar consideration of the claim, however, Johnson would not be entitled to relief. A defendant's plea of guilty must be made knowingly, intelligently and voluntarily, with an understanding of the nature of the charges, the direct consequences of the plea and the trial rights being surrendered. *McCarthy v. United States,* 394 U.S. 459, 466, 89 S.Ct. 1166, 1170–71, 22 L.Ed.2d 418 (1969); *Boykin v. Alabama,* 395 U.S. 238, 242–44, 89 S.Ct. 1709, 1711–13, 23 L.Ed.2d 274 (1969). A defendant is said to have an understanding of the nature of the charges when he "possesses an understanding of the law in relation to the facts." *McCarthy,* 394 U.S. at 466, 89 S.Ct. at 1171; *see also Brady v. United States,* 397 U.S. 742, 748, 90 S.Ct. 1463, 1468–69, 25 L.Ed.2d 747 (1970). In determining the voluntariness of a plea, a court must examine the totality of the circumstances to determine, *inter alia,* whether the substance of the charge was conveyed to the accused. *Henderson v. Morgan,* 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108

---

**2.** Section 2254(d) now provides as follows:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as deter-

mined by the Supreme Court of the United States; or

  (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

**3.** Relatedly, § 2254(e)(1) mandates a presumption of correctness of a state court's fact findings, which presumption may be rebutted only by "clear and convincing evidence."

(1976). It may ordinarily be presumed that counsel has explained the charges to her client. *Id.* at 644, 647, 96 S.Ct. at 2257, 2258–59. In that case, based on Morgan's low intelligence and on an express trial court finding that the charges were never explained to Morgan, the Court reversed Morgan's conviction.

In contrast to *Henderson,* the record in the instant case shows that Johnson consistently affirmed that he understood his plea at the hearing. *See Ans.,* Exh. 3 at 11–14,18–20. When the trial court admonished Johnson that, although seven years of Johnson's sentence would be suspended, Johnson would be required to serve the full term if he violated his probation, *id.* at 13, Johnson replied:

> I know. I am familiar with that. I know. My attorney told me if I don't plead guilty, I could get more. I say I could get lower and maybe I won't be found guilty, but I prefer to take the plea.

*Id.* This colloquy indicates that Johnson understood the nature and consequences of the plea. Moreover, the post conviction court found that Johnson's claim had no merit inasmuch as Johnson was a "sophisticated" litigant who understood the nature of the charges against him. *Id.* at 2–5. Specifically, the court stated:

> The charge daytime housebreaking is virtually self-defining. When asked at the post conviction hearing what he had thought the charge meant, petitioner responded that he thought it was going into someone's house and taking property. He added, however, that he did not understand that forcible entry and intent to steal were required. The latter is disingenuous and obviously stated to support his post conviction contention. Breaking connotes forcible entry and taking somebody's property under those circumstances is stealing and includes the requisite intent.

*Id.* at 3. Manifestly, the state court acted reasonably in concluding that Johnson understood the charges, as required by *Henderson,* as well as the import of the guilty plea. These findings are entitled to substantial deference. 28 U.S.C. § 2254(d); *Nobles,* 127 F.3d at 416. Accordingly, Johnson's claim that his plea was involuntary fails.

## C. Ineffective Assistance of Counsel

Johnson's second claim is that his attorney provided ineffective assistance because he failed (1) to investigate exculpatory evidence, (2) to advise Johnson of the nature of the charges, and (3) to ensure that the trial court did so.

To prevail on this claim, Johnson must show that (1) "counsel's representation fell below an objective standard of reasonableness" (the "competence" prong) and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (the "prejudice" prong). *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984); *Fields v. Attorney General of Maryland,* 956 F.2d 1290, 1297 (4th Cir.)(*Strickland* test applies to guilty pleas) (citing *Hill v. Lockhart,* 474 U.S. 52, 57, 106 S.Ct. 366, 369–70, 88 L.Ed.2d 203 (1985)), *cert. denied,* 506 U.S. 885, 113 S.Ct. 243, 121 L.Ed.2d 176 (1992).

As to the "competence" prong, the reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland,* 466 U.S. at 690, 104 S.Ct. at 2066. The court is to consider the totality of the circumstances. *Id.* at 688, 104 S.Ct. at 2064–65. Moreover, the reviewing court's examination of counsel's conduct "must be highly deferential." *Id.* at 689, 104 S.Ct. at 2065. That is, the court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," since "[t]here are countless ways to provide effective assistance in any given case" and "[e]ven the best criminal defense attorneys would not defend a particular client in the same way." *Id.* Therefore, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* To prevail, the state prisoner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* (quoting *Michel v. Lou-*

*isiana,* 350 U.S. 91, 101, 76 S.Ct. 158, 164, 100 L.Ed. 83 (1955)).

It is clear that Johnson was not deprived of the effective assistance of counsel under the circumstances of this case. The state's case against Johnson was strong. Johnson's fingerprints were found on the interior door frame of the victim's apartment, and Johnson did not have permission to enter the victim's apartment. Ans., Exh. 3 at 14–15. Johnson, in a whimsical recasting of the circumstances confronting him almost ten years ago, argues that evidence of his fingerprints alone would not be sufficient to convict him, that he was not arrested at the crime scene and that no stolen property was found in his apartment. He now contends that (1) he lived in the same apartment complex as that of the victim, (2) the victim knew him and had entertained him socially, (3) and the victim was prepared to testify in court to substantiate these facts. The record contains no such evidence. To the contrary, the record indicates that there was substantial proof that the entry was illegal, and the victim was prepared to testify that he never permitted Johnson to enter the apartment. *Id.* at 14–17. Based on this record, the post conviction court found that there were no likely defenses for Johnson's attorney to consider as supporting a decision to go to trial. *Id.* at 8. Under the totality of the circumstances, Johnson's counsel reasonably evaluated the chances of success and advised Johnson to plead guilty for a favorable sentence. Thus, counsel's assistance to Johnson was not ineffective.

Even if Johnson succeeded in proving that his counsel's advice was objectively unreasonable, he still must show that he suffered prejudice in respect to the outcome of his case. *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068; *Fields,* 956 F.2d at 1297. In the guilty plea context, a modified *Strickland* test is used, namely, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill,* 474 U.S. at 59, 106 S.Ct. at 370 (footnote omitted); *Fields,* 956 F.2d at 1297. The test applied by the post conviction court substantially conforms to this modified *Strickland* standard. *See* Ans., Exh. 5 at 4–7. The post conviction court

concluded that there was no prejudice, relying on its determination that Johnson in fact understood the charges and his options. *Id.* at 8. Based on the record, then, there is no objective evidence that Johnson's case would have turned out differently had counsel persuaded Johnson to forego the plea agreement he was offered and had instead gone to trial. Johnson's bald assertion to the contrary, without more, does not support his claims.

■ In short, upon examination of the record in this case, it is clear that the post conviction court reasonably applied the *Strickland* standard to the facts of the case. The post conviction court's ruling may not be overturned unless it "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). "Both prongs of the *Strickland* test involve mixed questions of law and fact. *Strickland,* 466 U.S. at 698, 104 S.Ct. at 2070. Under the AEDPA, a federal court will thus not grant a writ of habeas corpus unless the state court's conclusions involved an 'unreasonable application' of clearly established federal law as determined by the Supreme Court.... An application of federal law is 'unreasonable' if it is 'so clearly incorrect that it would not be debatable among reasonable jurists.'" *Nobles,* 127 F.3d at 418 (citations omitted); *Cardwell v. Netherland,* 971 F.Supp. 997, 1014 (E.D.Va.1997)("[I]it is pellucidly clear that the relevant question under the 'unreasonable application' clause is whether a state court's application of law to facts was 'reasonable.' Moreover, this interpretation is consistent with § 2254(d)(1)'s underlying purpose, namely, to ensure that 'the grave remedy of upsetting a judgment entered by another judicial system after full litigation is reserved for grave occasions.'") (citations and footnotes omitted).

### III. CONCLUSION

For the reasons set forth above, the petition for relief under 28 U.S.C. § 2254 shall be denied.