Thomas W. MALLORY, Jr.,
Petitioner–Appellant,

v.

David K. SMITH, Warden; James S. Gilmore, III, Attorney General, Respondents–Appellees.

No. 93–6545.

United States Court of Appeals, Fourth Circuit.

Argued April 14, 1994.

Decided June 30, 1994.

**ARGUED:** David Isaac Bruck, Columbia, SC, for appellant. Robert Quentin Harris, Asst. Atty. Gen., Office of the Atty. Gen., Richmond, VA, for appellee. **ON BRIEF:** James S. Gilmore, III, Atty. Gen., Office of the Atty. Gen., Richmond, VA, for appellee.

Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation, and WILKINSON and HAMILTON, Circuit Judges.

Affirmed by published opinion. Judge WILKINSON wrote the opinion, in which Justice POWELL and Judge HAMILTON joined.

## OPINION

WILKINSON, Circuit Judge:

It has long been clear that federal constitutional claims must be fairly presented to state courts before a federal habeas court may consider them. Here, petitioner contends that references in his Virginia Supreme Court filings to his appellate counsel's activities were sufficient to place that court on notice of an ineffective assistance of appellate counsel claim. The test for exhaustion is not one of simple notice, however. The exhaustion provisions of 28 U.S.C. § 2254(b) & (c) presuppose that claims must be presented to a state court in accordance with state procedure. Because the claim here was not so presented, we affirm the district court's dismissal of the habeas petition.

### I.

Thomas Mallory, the habeas corpus petitioner in this case, is currently serving a seventy year sentence in the Commonwealth of Virginia's correctional system. This incarceration is the result of his 1986 trial in Richmond City Circuit Court for an evening break-in and the attempted rape of Janith Parks Libron that followed. Mallory was represented by retained counsel at trial. He unsuccessfully pursued an insanity defense and was found guilty of statutory burglary, sodomy, maiming, and attempted rape. *See* Va.Code §§ 18.2–51, 18.2–67 & 18.2–90. No direct appeal ensued from these convictions.

In 1987, Mallory filed a petition for habeas corpus with the Virginia Supreme Court. This petition, which Mallory filled out himself, was executed on the standard, pre-printed Virginia form provided to state prisoners. *See* Va.Code § 8.01–655. The five page form is divided into sections, each of which contains simple prompts directing the prisoner to provide the basic information necessary to review his conviction. The first section of the form solicits information from the prisoner regarding the course of his original criminal trial. Two pieces of information Mallory supplied in this section are relevant to his current appeal. In response to the question, "Did you appeal the conviction," Mallory replied: "(No) Trial counsel *fail* to perfect

petitioners criminal appeal from his conviction." When directed to "List the name and address of each attorney, if any, who represented you on your appeal," Mallory wrote: "Notice of Appeal was Filed By New Atty. But, Never Finished or? Chris Collins 304 E. Main St. Richmond, VA 23231."

The final section of the Virginia form solicits information from the petitioner regarding the claims he wishes to raise on habeas. In response to the question, "State the grounds which make your detention unlawful, including the facts on which you intend to rely," Mallory identified two "grounds" for relief, each of which contained several subparts.

"Ground # One" alleged a set of "plain errors" on the part of the trial court. Specifically, Mallory argued that the court had (a) "unlawfully" rejected his not guilty by reason of insanity plea, (b) violated his constitutional rights by failing to appoint a psychiatrist "to conduct an appropriate psychological evaluation of petitioner's mental state at the time of the offenses charged to him," and (c) presided over a "miscarriage of justice" by forcing "petitioners family to pay all of the expense of psychiatrist/psychological evaluations" when they could not afford it.

"Ground # Two" contained Mallory's allegations against the Commonwealth's attorney. Mallory alleged that the prosecution had violated his due process rights by (a) withholding "from the court and petitioner at trial" evidence regarding "the psychiatric and psychological mental history of its chief witness," (b) using "perjured" testimony, and (c) allowing the Commonwealth's psychiatrist to "sit in the audience and take notes" of the statements made by the Commonwealth's attorney and witnesses.

Finally, in response to the question, "If any ground set forth ... has not been presented to a court, list each ground and the reason why it was not," Mallory advanced "Ground # Three." He characterized this ground as a "Sixth Amendment ineffective assistance of trial counsel" claim and identified several reasons why his counsel should be considered ineffective. Specifically, Mallory alleged that his counsel was ineffective because she (a) never told him that she prac-

ticed real estate, not criminal, law, (b) failed to have the state "bear the expense of his mental exams" or provide him with treatment in a mental facility, (c) knew that "the indictments were constitutionally defective," and (d) knew that "petitioners mental defect and disease were hereditary directly from his biological father who spent 24 years in mental facilities getting help!" None of the three grounds mentioned an ineffective assistance of appellate counsel claim.

Virginia's response addressed each of Mallory's three asserted grounds for relief. Mallory then filed another document which he indicated was a set of "objection[s]" to the state's filing. This document did not request leave to amend the original petition and again referred to the same three "grounds" of relief as asserted in the first petition. However, in the course of discussing grounds two and three, Mallory made several references to a defendant's right to appellate counsel. Under the heading of ground two, Mallory made statements regarding a defendant's rights on appeal and included case citations with those comments. In his discussion of ground three, petitioner stated that trial counsel "was filing a notice of appeal and no more: Violative of his Sixth Amendment right of Appellate Review."

On April 18, 1988, the Virginia Supreme Court issued an order dismissing Mallory's petition. The Court held that the first two claims for relief had been defaulted and found "no merit in the other complaint raised by petitioner." In 1992, Mallory filed a habeas corpus petition in federal district court in Virginia. Mallory asserted nine bases for relief, including the claim that "Petitioner was denied effective assistan[ce] of counsel because of his attorney's failure to note or perfect an appeal in his case."

The district court dismissed the petition. The court first determined that none of the nine claims Mallory raised in his federal petition had been included in his 1987 petition to the Virginia Supreme Court, and therefore that none of the claims were exhausted. Citing Virginia Code § 8.01–654(B)(2), the district court then found that Mallory's unexhausted claims would be procedurally barred

were he to now bring them before a Virginia court.* Seeing no grounds for a cause and prejudice finding in Mallory's case, the court also held that the federal habeas corpus petition was procedurally barred. Mallory appealed and this court heard argument limited to the question of whether Mallory had properly presented his ineffective assistance of appellate counsel claim to the state courts.

## II.

### A.

■ In order for a state prisoner to pursue a habeas corpus petition in federal court, the petitioner must first have exhausted his available state court remedies. 28 U.S.C. § 2254(b) & (c). This rule of exhaustion arises out of the desire to promote comity within our federal system. As the Supreme Court stated:

Because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter."

*Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982) (quoting *Darr v. Burford*, 339 U.S. 200, 204, 70 S.Ct. 587, 590, 94 L.Ed. 761 (1950)); *see also Whittlesey v. Circuit Court for Baltimore County*, 897 F.2d 143, 145 (4th Cir.1990).

The exhaustion requirement can promote comity between the state and federal systems only if state courts actually have a meaningful opportunity to oversee their own operations. It is therefore required that a petitioner seeking federal habeas review make more than a perfunctory jaunt through the state court system, *see Picard v. Connor*,

404 U.S. 270, 275–76, 92 S.Ct. 509, 511-12, 30 L.Ed.2d 438 (1971), and habeas review in the federal courts will be available only after the state courts have been "provided a full and fair opportunity to review earlier state court proceedings," *Whittlesey*, 897 F.2d at 145; *see also Picard*, 404 U.S. at 275–76, 92 S.Ct. at 511-12. Where questions concerning exhaustion arise, the petitioner bears the burden of demonstrating that state remedies have, in fact, been exhausted. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir.1992); *Nadworny v. Fair*, 872 F.2d 1093, 1098 (1st Cir.1989).

### B.

■ Here, Mallory has attempted to meet that burden by relying on the several references regarding ineffective assistance of appellate counsel contained in his habeas filings before the Virginia Supreme Court. Mallory points out that his first filing stated that no direct appeal had ever been effectively undertaken by his counsel. He also maintains that his second filing with the Virginia Supreme Court constituted an amended petition raising the ineffective assistance of appellate counsel claim. He argues that, even if the first filing was deficient, the second filing spelled out the ineffective assistance claim in greater detail and that it plainly made out a prayer for relief on that ground.

■ We do not think, however, that the Virginia courts were ever fairly apprised of Mallory's claim. A habeas petitioner cannot simply apprise the state court of the facts underlying a claimed constitutional violation, *Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 277, 74 L.Ed.2d 3 (1982) (per curiam); the petitioner must also explain how those alleged events establish a violation of his constitutional rights. *See Miranda*, 967 F.2d at 397–98; *Wise v. Warden, Maryland Penitentiary*, 839 F.2d 1030, 1033 (4th Cir.1988); *Toney v. Franzen*, 687 F.2d 1016, 1021 (7th Cir.1982). The First Circuit has explained

---

* This section states that:

Such [a habeas corpus] petition shall contain all allegations the facts of which are known to petitioner at the time of filing and such petition shall enumerate all previous applications and their disposition. No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition.

Va.Code § 8.01–654(B)(2).

that the exhaustion requirement demands that the petitioner "do more than scatter some makeshift needles in the haystack of the state court record. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick." *Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir.1988).

Neither of Mallory's filings meet this standard. To begin with, the two references regarding appellate counsel in his first filing were never asserted as part of any of the three "grounds" for relief Mallory specifically identified; instead, they were styled simply as responses to questions seeking background information about the earlier proceedings in his case. Furthermore, these two factual references are easily lost in the sheer numerosity of petitioner's claims. Although Mallory ostensibly raised only three "grounds" for relief, each of those grounds included another subset of claims in varying stages of factual and legal development. For Virginia courts to wind their way through these arguably presented claims is an arduous enough task without the burden of scrutinizing habeas filings for claims—such as the instant one—that were never specified as grounds for relief.

Mallory's second filing is similarly inadequate. That document contained no indication that it was raising any new claims before the court. It continued to expressly identify his concerns as grounds one through three, just as his first petition did, and was put forth as a response to the state's filing. Moreover, the references Mallory now points to as evidence that he was making an ineffective assistance of appellate counsel argument are little more than snippets—scattered on pages four and five of a seven page filing. Indeed, his "prayer for relief" at the conclusion of his brief made no reference to appellate counsel at all. Therefore, we find it difficult to believe that these references could suffice to alert the Virginia Supreme Court to Mallory's ineffective assistance of appellate counsel claim.

The second filing is inadequate for another reason as well. Even if one were to read the references in that document regarding Mallory's appellate counsel difficulties as asserting an additional claim, that claim still would not have been properly before the Virginia Supreme Court. Under Virginia court rules, amendments to a filed pleading may be made only by leave of court. Rule 1:8, *Rules of Supreme Court of Virginia*. Mallory's second petition provided no indication that he sought leave of court to amend, and no· such leave was ever granted. As a result, the Virginia Supreme Court lacked jurisdiction to adjudicate any new claim raised by Mallory's second filing. *See Mechtensimer v. Wilson*, 246 Va. 121, 431 S.E.2d 301, 302 (1993).

### C.

■ Mallory nonetheless maintains that even if both of his filings were not technically proper, the totality of the facts and legal arguments asserted in them did place the issue of ineffective assistance of appellate counsel before the Virginia Supreme Court. In essence, Mallory asks this court to adopt a notice requirement that would entail evaluating whether the sum of his references sufficiently apprised the state that he was making an ineffective assistance of appellate counsel claim.

We decline to do so. The federal courts have wisely chosen not to embark on the amorphous enterprise urged here. The Supreme Court has flatly stated that "[e]xhaustion means more than notice. In requiring exhaustion of a federal claim in state court, Congress surely meant that exhaustion be serious and meaningful." *Keeney v. Tamayo–Reyes*, —— U.S. ——, ——, 112 S.Ct. 1715, 1720, 118 L.Ed.2d 318 (1992). Meaningful exhaustion is that which accords with the state's chosen procedural scheme. Indeed, the exhaustion provisions in Title 28 presuppose the presentation of claims in accordance with nonfutile state procedures. *See* 28 U.S.C. § 2254(c) (exhaustion defined by reference to "the right under the law of the State to raise, by any available procedure, the question presented"). This· requirement recognizes the difficulties that would arise if a federal court were to evaluate whether vague whispers offered to a state court by a habeas petitioner sufficed to

alert that court to a federal constitutional violation. The record here demonstrates the point. Mallory identified three grounds in his pleadings, and the Virginia Supreme Court disposed of each of those three grounds in its order. There is no indication that the court had any inkling that it was dealing with anything more. Mallory nonetheless asks us to go further and determine whether the Virginia Supreme Court *should* have seen another claim in his filings. Undertaking a notice inquiry is hazardous, however, because such an inquiry is necessarily ad hoc. There are few standards for judging when a state court should be aware of a claim raised in a manner never contemplated by the state's procedural framework.

Adopting a notice requirement would also be inconsistent with the very rationale underlying the exhaustion requirement: comity. State court procedures for presenting claims are not discretionary. Those procedures represent the avenues states have constructed to channel claims through their systems, an issue of no small significance in an era when courts at all levels face heavy caseload burdens. The state courts are familiar with those procedures and expect that all litigants will follow them.

Here, that expectation was plainly a reasonable one. Virginia's *pro se* procedures are in no sense futile or arcane. The form Mallory was asked to fill out was a simple one. In fact, he used it to identify any number of claims he wished to bring before the Virginia courts, and Mallory would have been accorded relief in the event he could have established his entitlement to it. To have this court scan the information contained in Mallory's form for further facts that conceivably might make out other federal claims sends a strong signal to state courts that their procedures will not be respected by their federal counterparts. It also signals litigants that they may ignore state procedures and still expect the federal courts to hear claims that state courts would have had to stitch together from stray references in order to review. Both these effects would only heighten tensions in our dual court system. Indeed, "[f]or a federal court to hold that a state court had the opportunity to rule on a constitutional claim as to which no ruling was requested, and then to rule on the merits of the claim itself, would undermine the very considerations of comity that the rules of exhaustion were designed to protect." *Grey v. Hoke,* 933 F.2d 117, 120 (2d Cir.1991).

For all the above reasons, we find that Mallory has not exhausted his claim of ineffective assistance of appellate counsel. We also agree with the district court's determination that Mallory's federal habeas claims are procedurally barred. The ruling of the district court dismissing the habeas corpus petition is, therefore,

*AFFIRMED.*