**Ibn A. SHAKOOR, Petitioner,**

v.

**Terry COLLINS, Warden Respondent.**

**No. 4:97CV1930.**

United States District Court,
N.D. Ohio,
Eastern Division.

Sept. 23, 1999.

Ibn A. Shakoor, Mansfield, OH, pro se.

Lillian B. Earl, Office of the Assistant Attorney General, Cleveland, OH, for Terry L. Collins.

## MEMORANDUM OPINION AND ORDER

ECONOMUS, District Judge.

This matter is before the Court upon Petitioner's *pro se* Objection To Magistrate's Report And Recommendation (Dkt.# 19) (hereinafter the "Objection").

## I. Procedural and Factual Background

Petitioner is a prisoner in State custody in Ohio. He is incarcerated as a result of his conviction for certain offenses which occurred on December 28, 1992, during which Petitioner committed aggravated robbery against two individuals and murdered one of them.

On June 14, 1993, Petitioner entered negotiated guilty pleas in the Trumbull County Court of Common Pleas to one count of aggravated murder with specification of aggravated circumstances, and two counts of aggravated robbery with one firearm specification. Pursuant to the terms of a plea agreement, the trial court sentenced Petitioner to a life sentence on the aggravated murder count, with no parole eligibility for 30 years, to concurrent sentences on the aggravated robbery counts, and to an additional consecutive three year sentence imposed on the firearm specification. This yielded the 33-year agreed-upon maximum sentence to confinement before parole eligibility.

Subsequent to the trial court's entry of conviction and sentence, Petitioner timely prosecuted a direct appeal in which he raised eleven assignments of error. *See State v. Shakoor,* 1996 WL 788413 (Ohio App. Dec. 13, 1999). Petitioner's direct appeal to the Eleventh District Court of Appeals was followed by his discretionary appeal to the Supreme Court of Ohio, in which two propositions of law were raised. *See State v. Shakoor,* 78 Ohio St.3d 1464, 678 N.E.2d 221 (1997). This appeal to the Supreme Court of Ohio was declined as not involving a substantial constitutional question. *Id.*

With respect to the factual and procedural events in this matter which culminated in the aforesaid plea agreement, the Eleventh District Court of Appeals noted:

A jury was impaneled on June 14, 1993. On that same day, a plea/sentencing hearing was held before a panel of three judges. On the same date, a document captioned "Finding on Guilty Plea to Indictment" was filed. This document, in actuality, contained a plea agreement signed by appellant. Through this document, appellant stated that he voluntarily entered a plea of

guilty to the first count of the indictment, aggravated murder with the aggravating circumstances specification, the second count, aggravated robbery with the firearm specification, and count three, aggravated robbery. This document further contained an endorsement, signed by the three judge panel, that it was satisfied that a factual basis for the plea existed, that appellant was advised of his rights and waived them, and that the plea was accepted. The transcript of the plea hearing reveals that in exchange for the above pleas, the state agreed to recommend a sentence of thirty years incarceration before the first parole eligibility on count one, an additional ten to twenty-five years on counts two and three, to run concurrently, and three years on the firearm specification, to run consecutively. The state also agreed that it would not rebut appellant's mitigating evidence, and would stipulate that the aggravating circumstances did not outweigh the mitigating factors. Either party would be allowed to withdraw from the agreement should the court give a higher or lower sentence than that agreed upon by the parties.

*State v. Shakoor,* 1996 WL 788413, *1 (Ohio App.)

On July 24, 1997, Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (hereinafter the "petition" or "application"). In the application, Petitioner has asserted eleven grounds for relief.

Following the filing of the petition, on September 8, 1997 this case was referred to Magistrate Judge James S. Gallas for preparation of a report and recommendation pursuant to LR 72.2(b) (Dkt.# 3). On December 1, 1997, Respondent filed his Return of Writ (Dkt.# 8). Petitioner filed his Traverse (Dkt.# 10) on December 29, 1997.

On April 3, 1998, Respondent filed a motion for leave to file a supplemental answer/return of writ instanter (Dkt.# 13),

which Magistrate Judge Gallas granted on April 8, 1998. Respondent's Supplemental Answer/Return of Writ (Dkt.# 14) was filed the same day. On March 15, 1999, Petitioner filed an Appendix to the petition (Dkt.# 15).

On April 23, 1999, Magistrate Judge Gallas issued his Report and Recommendation of Magistrate Judge ("R & R"), recommending that Petitioner's application for a writ of habeas corpus be denied (Dkt.# 16). On May 14, 1999, this Court entered an Order (Dkt.# 18) granting Petitioner's motion for an extension of time within which to object to the R & R filed on May 6, 1999 (Dkt.# 17).

On June 7, 1999, Petitioner filed a timely Objection to the R & R (Dkt.# 19). For the reasons which follow, the Court finds that the Objection is not well-taken. Accordingly, the Court overrules the Objection and adopts the recommendation of Magistrate Judge Gallas that the application should be denied.

## II.   Discussion

### A.   Standard of Review

In the case *sub judice,* the application for the writ was filed on July 24, 1997, which was subsequent to the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the AEDPA applies herein. *See Williams v. Coyle,* 167 F.3d 1036, 1037 (6th Cir.1999).

■   The AEDPA "requires heightened respect for state court factual and legal determinations." *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir.1998).

■   With respect to each of the claims asserted herein which were "adjudicated on the merits in State court proceedings," an application for a writ of habeas corpus shall not be granted with respect to these claims unless it meets the new test now used in the Sixth Circuit, namely, that "for the writ to issue, the state court decision must be so offensive to existing precedent,

862

so devoid of record support, or so arbitrary, as to indicate that it is outside the universe of plausible, credible outcomes." *Nevers v. Killinger,* 169 F.3d 352, 362 (6th Cir.1999).

The Sixth Circuit very recently reaffirmed the new *Nevers* test in *Tucker v. Prelesnik,* 181 F.3d 747 (6th Cir.1999):

> [t]he deference to the state courts' judgments required by the AEDPA is achieved by adopting the rule that the unreasonableness of a state court's application of clearly established Supreme Court precedent will not be "debatable among reasonable jurists," *Drinkard,* 97 F.3d at 769, if it is "so offensive to existing precedent, so devoid of record support, or so arbitrary, as to indicate that it is outside the universe of plausible, credible outcomes," *O'Brien,* 145 F.3d at 25.

*Tucker,* 181 F.3d at 753 (quoting *Nevers,* 169 F.3d at 362).

### B. Adjudication Of The Merits Of The Claims Asserted In Petitioner's Brief On Direct Appeal In The Eleventh District Court Of Appeals

Under post-AEDPA law, the Court must determine whether the Eleventh District Court of Appeals in the process of direct review adjudicated the claims which constitute the petition herein "on the merits," as that phrase is used in 28 U.S.C. § 2254(d) (1996). If these claims were adjudicated on the merits in the State court, an application for a writ of habeas corpus shall not be granted with respect to these claims unless at least one of the two exceptions set forth in 28 U.S.C. § 2254(d) (1996) applies to the claim. As noted above, in the Sixth Circuit, the *Nevers* test is the applicable standard of review used to de-

termine if either of the exceptions applies. *Nevers,* 169 F.3d at 362.

The Court finds and concludes that the Eleventh District Court of Appeals adjudicated each of the claims presented in the eleven grounds for relief of the petition on the merits. The Court further finds and concludes that Petitioner has not met his burden of showing that either of the exceptions set forth in 28 U.S.C. § 2254(d) applies to any of these claims. Therefore, with respect to each of these claims, Petitioner has not shown that the decision of the Eleventh District Court of Appeals is "so offensive to existing precedent, so devoid of record support, or so arbitrary, as to indicate that it is outside the universe of plausible, credible outcomes." *Nevers,* 169 F.3d at 362. Consequently, the Court may not grant the requested writ with respect to any of the claims set forth in the petition.

### C. First, Fifth, Sixth and Eleventh Grounds For Relief

With respect to the first, fifth, sixth and eleventh grounds for relief, Magistrate Judge Gallas properly agreed with Respondent's argument that federal habeas review of these grounds for relief "is barred due to procedural default for failure to present them to the Ohio Supreme Court." R & R at 2.[1]

With respect to the remaining grounds for relief asserted in the petition, Magistrate Judge Gallas stated:

> In his addendum Shakoor does not contest respondent's contention that federal habeas review is now limited to his second, third, fourth, seventh, eighth, ninth and tenth grounds.[2] All but the fourth ground raise a common claim that Shakoor's guilty pleas were not intelligently and voluntarily entered. This

1. Magistrate Judge Gallas concluded: "Consequently, federal review of Shakoor's first, fifth, sixth and eleventh grounds is barred by procedural default due to Shakoor's failure to raise these issues before the Ohio Supreme Court." R & R at 6.

2. Magistrate Judge Gallas reiterated *verbatim* the first, fifth, sixth and eleventh grounds for relief set forth in the petition at n. 1 of the R & R; likewise, he reiterated *verbatim* the second, third, fourth, seventh, eighth, ninth and tenth grounds for relief at n. 3 of the R & R.

was the claim raised in Shakoor's second proposition of law before the Ohio Supreme Court. However, since the fourth ground raises a different claim it will be addressed separately.

R & R at 7–8 (footnote omitted).

█ In concluding that the claims set forth in the first, fifth, sixth and eleventh grounds for relief were procedurally barred, Magistrate Judge Gallas appropriately cited and relied upon the decisions referenced at page 4 of the R & R for the proposition that "[f]ailure to properly present the federal grounds to the state courts constitutes procedural default or waiver barring federal habeas review." Id. Furthermore, the recent decision of *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999), is unambiguously on point and thus controlling herein.

The Supreme Court stated in *Boerckel*, 526 U.S. at ——, 119 S.Ct. at 1730:

Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court. 28 U.S.C. §§ 2254(b)(1), (c) (1994 ed., Supp. III). In this case, we are asked to decide whether a state prisoner must present his claims to a state supreme court in a petition for discretionary review in order to satisfy the exhaustion requirement. We conclude that he must.

The Supreme Court in *Boerckel* thus concluded that federal habeas relief was not available to the state prisoner therein because he had failed to "satisfy the exhaustion requirement" by presenting his claims to the state supreme court in a petition for discretionary review. *Id.* Moreover, this failure to present his claims to the state supreme court constituted a "procedural default":

Boerckel's amended federal habeas petition raised three claims that he had pressed before the Appellate Court of Illinois, but that he had not included in his petition for leave to appeal to the Illinois Supreme Court. There is no dispute that this state court remedy—a petition for leave to appeal to the Illinois Supreme Court—is no longer available to Boerckel; the time for filing such a petition has long past [sic]. See Ill. Sup.Ct. Rule 315(b). Thus, Boerckel's failure to present three of his federal claims to the Illinois Supreme Court in a timely fashion has resulted in a procedural default of those claims. See *Coleman v. Thompson*, 501 U.S. at 731–732, 111 S.Ct. 2546; *Engle v. Isaac*, 456 U.S. 107, 125–126, n. 28, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982).

*Boerckel*, 526 U.S. at ——, 119 S.Ct. at 1734.

In the instant case, just as in *Boerckel*, Shakoor's failure to present the federal claims set forth in the first, fifth, sixth and eleventh grounds for relief to the Ohio Supreme Court in his petition for discretionary review constitutes a procedural default. The Supreme Court explained in *Boerckel*:

Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process. Here, Illinois' established, normal appellate review procedure is a two-tiered system. Comity, in these circumstances, dictates that Boerckel use the State's established appellate review procedures before he presents his claim to a federal court. Unlike the extraordinary procedures that we found unnecessary in *Brown v. Allen[*, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953)*]* and *Wilwording v. Swenson*, [*404 U.S. 249, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971)*]* a petition for discretionary review in Illinois' Supreme Court is a normal, simple, and established part of the State's appellate review process. In the words of the

statute, state prisoners have "the right ... to raise" their claims through a petition for discretionary review in the state's highest court. § 2254(c). Granted, as Boerckel contends, Brief for Respondent 16, he has no right to review in the Illinois Supreme Court, but he does have a "right ... to raise" his claims before that court. That is all § 2254(c) requires.

*Id.* at 1732–33.

■ Based upon the foregoing, Magistrate Judge Gallas correctly proceeded to the question of "cause and prejudice," and stated:

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice' or that he is 'actually innocent.'" (citations omitted). *Bousley v. United States,* 523 U.S. 614, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 828 (1998). Shakoor does not present "cause," nor does he argue "actual innocence" or fundamental miscarriage of justice. The Supreme Court has recognized a situation where the petitioner can overcome procedural default when, for example, the wrong person was convicted of the crime. ... Shakoor, though, had argued "technical innocence" contending the prosecution lacked proof beyond a reasonable doubt, as opposed to asserting he did not shoot Joseph Murscadelli while attempting to rob him and his fiancée in the parking lot of Sir Bentley's in Warren, Ohio. Shakoor had also attempted to establish incompetency on the basis of "mental retardation, intelligence, and perception." As established by his admission of guilt, actual inno-

cence is not an issue in this case. Further, there was no "cause" to excuse the omission of issues. Counsel represented Shakoor at all times, including before the Ohio Supreme Court. Apparently counsel focused their efforts before the Ohio Supreme Court on those issues which were perceived to be more meritorious [footnote omitted]. Consequently, federal review of Shakoor's first, fifth, sixth and eleventh grounds is barred by procedural default due to Shakoor's failure to raise these issues before the Ohio Supreme Court.

R & R at 5–6 (internal citations omitted).

■ In the Objection, Petitioner again "does not present 'cause,' nor does he argue 'actual innocence' or fundamental miscarriage of justice[3]." R & R at 5. Thus, the Court adopts the conclusion of Magistrate Judge Gallas that federal habeas review of the first, fifth, sixth and eleventh grounds for relief is barred by procedural default. *Bousley,* 118 S.Ct. at 1611.

Finally, with respect to the claims asserted in the first, fifth, sixth and eleventh grounds for relief in the petition, the Court finds and concludes that the Eleventh District Court of Appeals adjudicated these claims on the merits. *See State v. Shakoor,* 1996 WL 788413, *8–14.

### D. Fourth Ground For Relief

■ Magistrate Judge Gallas correctly stated that a federal habeas court does not act as an additional appellate court to review state law and procedure, and that federal habeas courts may reverse state court convictions only when there has been a constitutional error in the state court proceedings, or an error in state law "so egregious as to deny fundamental fairness

---

**3.** Petitioner does assert in the Objection: "The error of the trial court in failing to determine if petitioner was or was not guilty of aggravated murder resulted in a *manifest miscarriage of justice,* and clearly denied him fundamental fairness at his plea proceedings. See *McGuire,* and *Sowders* supra." Objection at 3 (emphasis added).

This assertion is obviously "speculative." Moreover, it suffers from the additional infirmity that Petitioner has never suggested (much less demonstrated) that the evidence in this matter was insufficient as a matter of law to constitute proof of the offense of aggravated murder, nor does it otherwise appear that such is the case.

in the trial process." R & R at 9 (citing *Estelle v. McGuire*, 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) and *Clemmons v. Sowders*, 34 F.3d 352, 356 (6th Cir.1994)).

■ Moreover, Magistrate Judge Gallas further correctly concluded that in order for a claim asserted in state court to be subject to subsequent federal habeas review "it is essential that the state court be alerted to the fact that the petitioner is asserting claims under the United States Constitution," citing *Duncan v. Henry*, 513 U.S. 364, 366, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) in this regard. R & R at 9.

In *Mackall v. Angelone*, 131 F.3d 442 (4th Cir.1997), *cert. denied* — U.S. —, 118 S.Ct. 907, 139 L.Ed.2d 922 (1998), the Fourth Circuit cited the same portion of *Duncan, supra*, and stated:

> Mackall alleged error based on [certain trial court evidentiary rulings excluding evidence Mackall wished to introduce during his state court capital trial] to the Supreme Court of Virginia during his direct appeal, asserting that the exclusions violated state law. However, Mackall did not base his claims of error on a constitutional right to admit mitigating testimony or contend that the refusal of the trial court to admit this testimony rendered his sentencing proceeding fundamentally unfair. Thus, Mackall failed to exhaust the claims he now seeks to raise. *See Duncan v. Henry*, 513 U.S. 364, 366, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995) (per curiam) (holding that argument to state supreme court that an evidentiary ruling by trial court violated state law was insufficient to exhaust claim that the ruling constituted a violation of a federal constitutional right, and rejecting the argument that similarity of claims is adequate to

exhaust); *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir.) (explaining that in order for federal claim to be exhausted, its substance must be presented to the highest state court), *cert. denied,* — U.S. —, 118 S.Ct. 102, 139 L.Ed.2d 57 (1997); *Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir.1994) (noting that exhaustion requires that petitioner do more than apprise state court of the facts; he must "explain how those alleged events establish a violation of his constitutional rights"); ... Because presentation of these claims to the state court at this juncture would be fruitless, they properly are considered to be procedurally barred. *See George v. Angelone*, 100 F.3d 353, 363 (4th Cir.1996) ("A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture."), *cert. denied,* 519 U.S. 1103, 117 S.Ct. 854, 136 L.Ed.2d 829 (1997). And, because Mackall does not maintain that this default may be excused by cause and prejudice or a miscarriage of justice, we hold these allegations of constitutional error to be procedurally defaulted.

*Id.* at 450.

■ With respect to Petitioner's fourth ground for relief, the Court concludes that Magistrate Judge Gallas properly determined that "the U.S. Constitution does not require taking witness testimony concomitant with accepting a guilty plea as required by Ohio Revised Code § 2945.06," and therefore correctly determined that "Shakoor's fourth ground does not rise to an issue of constitutional dimension and thus is not cognizable in federal collateral review."[4] R & R at 10.

---

4. In the Objection, Petitioner argues that "the three judge panel was required to make a separate inquiry as to whether or not the facts that gave rise to petitioner's charge actually constituted aggravated murder or whether the facts gave rise to some lesser included of-

fense." Id. at 2. Petitioner further maintains that "[t]his is a claim of constitutional magnitude because the constitution mandates that defendant's [sic] be treated fairly under the Fourteenth Amendment." Id. at 3. Petitioner concludes: "... petitioner requests that this

Nevertheless, Petitioner argues in the Objection that "[t]he error of the trial court in failing to determine if petitioner was or was not guilty of aggravated murder resulted in a manifest miscarriage of justice, and clearly denied him fundamental fairness at his plea proceedings. See *McGuire,* and *Sowders* supra." Objection at 3.

The Court's independent review of *McGuire* and *Sowders,* however, reveals that Magistrate Judge Gallas properly relied upon these decisions in support of his determination that "[f]ederal habeas corpus review serves only to reverse convictions when there has been a constitutional error or an error in state law so egregious so as to deny fundamental fairness in the trial process." R & R at 9 (citing *McGuire,* 502 U.S. at 67–68, 112 S.Ct. 475; *Sowders* [*Clemmons*], 34 F.3d at 356). Moreover, neither of these decisions employed the phrase "manifest miscarriage of justice." Consequently, to the extent that the Objection purports to rely upon *McGuire* and *Clemmons* in support of the claim that the trial court erred in "failing to determine if petitioner was or was not guilty of aggravated murder," the Court concludes that the Objection is not well-taken.

Finally, the Court finds and concludes that the Eleventh District Court of Appeals adjudicated this claim on the merits. *See State v. Shakoor,* 1996 WL 788413, *10–11.

### E. Second, Third, Seventh, Eighth, Ninth and Tenth Grounds For Relief

With respect to the second, third, seventh, eighth, ninth and tenth grounds for relief in the petition, as previously stated Magistrate Judge Gallas found that each of

these grounds for relief "raise a common claim that Shakoor's guilty pleas were not intelligently and voluntarily entered." R & R at 7–8. This "common claim" was the claim raised in Petitioner's second proposition of law before the Ohio Supreme Court. Id. at 8.

The Eleventh District Court of Appeals adjudicated this common claim on the merits. *See State v. Shakoor,* 1996 WL 788413, *6–8 (Ohio App.).

In *Bousley, supra,* the Supreme Court stated:

We have strictly limited the circumstances under which a guilty plea may be attacked on collateral review. "It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson,* 467 U.S. 504, 508, 104 S.Ct. 2543, 2546–2547, 81 L.Ed.2d 437 (1984) (footnote omitted). And even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review. Habeas review is an extraordinary remedy and " 'will not be allowed to do service for an appeal.' " ... Indeed, "the concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas." ...

*Id.* at 1610 (citations omitted).

"Petitioner's claim may still be reviewed in this collateral proceeding if he can establish that the constitutional error in his plea colloquy 'has probably resulted in the conviction of one who is actually innocent.' " *Bousley,* 118 S.Ct. at 1611 (quoting *Murray v. Carrier,* 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)). To establish actual innocence, petitioner

issue be construed liberally by the federal court because petitioner was acting in a pro se capacity during the filing of this Federal Habeas Corpus." Id.

The Court's response to the aforesaid request for liberal construction of "this issue" is

that Petitioner's pro se status herein has nothing to do with the law on the cognizability of federal habeas claims. Therefore, no degree of "liberal construction" of the petition's allegations or of "this issue" would benefit Petitioner in any way.

must demonstrate that, " 'in light of all the evidence,' " "it is more likely than not that no reasonable juror would have convicted him." *Id.* (citations omitted).

■■■■ "Actual innocence" means factual innocence, not mere legal insufficiency. *Id.* (citing *Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992)). On the authority of *Bousley*, the Court concurs with the conclusion of Magistrate Judge Gallas that "[a]s established by his admission of guilt, actual innocence is not an issue in this case." R & R at 5.

Furthermore, Petitioner has not demonstrated, as *Bousley*, 118 S.Ct. at 1611, holds that he must, that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. Therefore, Petitioner has not established his actual innocence herein. Consequently, because Petitioner cannot establish that "the constitutional error in his plea colloquy" (if there be one) "has probably resulted in the conviction of one who is actually innocent," this Court may not review the claims asserted in the second, third, seventh, eighth, ninth and tenth grounds for relief in the petition.[5] *Id.*

### F. Evidentiary Hearing

In the Objection, Petitioner has requested a hearing pursuant to *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), and *Sumner v. Mata*, 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981). Objection at 6.

However, the Court concludes that since all of the claims herein can be adjudicated on the record of the State court proceedings, no evidentiary hearing is necessary. *See Keeney v. Tamayo–Reyes*, 504 U.S. 1, 112 S.Ct. 1715, 118 L.Ed.2d 318 (1992).

Moreover, under the AEDPA, a determination of a factual issue made by a State court shall be presumed to be correct. 28 U.S.C. § 2254(e)(1). Petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. *Id.* Petitioner has not met this burden herein.

Finally, under § 2254(e)(2), if the applicant for a writ has failed to develop the factual basis of a claim in State court proceedings, a federal district court shall not hold an evidentiary hearing on the claim unless the applicant shows that the claim relies on one of the factors set forth in 28 U.S.C. § 2254(e)(2)(A) and additionally satisfies the standard set forth in 28 U.S.C. § 2254(e)(2)(B). Petitioner has not made these showings. Petitioner's request for an evidentiary hearing is not well-taken.

### III. Conclusion

The Court has reviewed *de novo* the Report and Recommendation of Magistrate Judge James S. Gallas. The Court finds that the Report and Recommendation is well-supported for the reasons stated herein, and that Petitioner's Objections are without merit.

Therefore, the Report and Recommendation of Magistrate Judge Gallas is hereby **ADOPTED**, and Petitioner's Objection (Dkt.# 19) is overruled. Accordingly, Petitioner's application for a Writ of Habeas Corpus is **DENIED**.

Accordingly, this action is dismissed. **Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of ap-**

---

5. *Bousley* held that the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review. *Id.* at 1610. Petitioner did challenge these aspects of his guilty plea on direct review in the Ohio Supreme Court. Therefore, he did not procedurally default the claims asserted in the second, third, seventh,

eighth, ninth and tenth grounds for relief. But as discussed herein, these claims are not reviewable herein for the reason that Petitioner has failed to establish his actual innocence of the offense of aggravated murder and that some constitutional error in his plea colloquy has probably resulted in the conviction of one who is actually innocent. *Id.* at 1611.

pealability pursuant to 28 U.S.C. § 2253(c); Fed. R.App. P. 22(b).

IT IS SO ORDERED.