Michael Robert **HYMAN**, Petitioner,

v.

Theodis **BECK**, Secretary of the Dept. of Correction, Respondent.

No. 1:03 CV 997.

United States District Court, M.D. North Carolina.

Sept. 27, 2004.

Michael Robert Hyman, Yanceyville, NC, pro se.

Clarence Joe Delforge, III, N. C. Department of Justice, Raleigh, NC, for Defendant.

### JUDGMENT

BULLOCK, District Judge.

On August 25, 2004, the United States Magistrate Judge's Recommendation was filed and notice was served on the parties pursuant to 28 U.S.C. § 636(b). No objections were received by the court within the time prescribed by the statute.

The court hereby adopts the Magistrate Judge's Recommendation.

**IT IS THEREFORE ORDERED** that Respondent's motion for summary judgment [Pleading No. 4] be **GRANTED**, that Petitioner's motion for habeas corpus relief [Pleading No. 1] be **DENIED**, and that this action be dismissed with prejudice.[1]

---

1. Rather than object to the Recommendation, Petitioner filed a Motion To Withdraw Habeas Corpus Without Prejudice (docket no. 11). The motion is an obvious response to the Recommendation because Petitioner says that the reason for the motion is to allow him "to exhaust all state court remedies." It is generally considered that a dismissal for failure to

Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is not issued.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

DIXON, United States Magistrate Judge.

This matter is before the court on Respondent's Motion For Summary Judgment (docket no. 4). Petitioner has responded in opposition to the motion, and the matter is ripe for disposition. For the reasons which follow, it will be recommended that the motion be granted.

Petitioner is a state court prisoner who was convicted by a jury in the Superior Court of Alamance County of delivery of cocaine to a minor child under 13 years of age or younger; second-degree kidnaping;

exhaust is not a disposition on the merits. See, e.g., Slack v. McDaniel, 529 U.S. 473, 485–86, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)("A habeas petition filed in the district court after an initial habeas petition was unadjudicated on its merits and dismissed for failure to exhaust state remedies is not a second or successive petition."); Stewart v. Martinez–Villareal, 523 U.S. 637, 644, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998)(the Supreme Court notes that none of its cases "have ever suggested that a prisoner whose habeas petition was dismissed for failure to exhaust state remedies, and who then did exhaust those remedies and returned to federal court, was by such action filing a successive petition"); Carlson v. Pitcher, 137 F.3d 416, 420 (6th Cir.1998)(noting that a disposition for failure to exhaust state remedies is not a disposition on the merits). Cf. In re Goddard, 170 F.3d 435, 438 (4th Cir. 1999)(Fourth Circuit reviews Supreme Court and circuit court cases, noting that under the AEDPA certain § 2254 and § 2255 motions that were dismissed for failure to exhaust are not counted in determining whether a later motion is second or successive).

and assault on a child under the age of 12 years old. The jury believed that Petitioner lured the victim-child, an eight-year old, into his home where he inhaled crack cocaine from a plastic tube, and then held the tube to the victim's mouth and had her inhale twice before he inhaled it again. Petitioner was sentenced to a 96—125–month term of imprisonment on the drug charge, and to a 30—45–month term on the consolidated kidnaping and assault charges, the sentences to run consecutively. See Judgment And Commitment forms included in state court documents at Tab 1; Trial Transcript (Tr.), vol. 7, pp. 87–88. Petitioner appealed to the North Carolina Court of Appeals, which found no trial error. State v. Hyman, 153 N.C.App. 396, 570 S.E.2d 745 (2002). The North Carolina Supreme Court denied certiorari review. 357 N.C. 253, 583 S.E.2d 41 (2003). Petitioner has sought no other direct review in the United States Supreme Court and he has sought no collateral review in the state courts.

Nevertheless, it is also the case that, in some instances, "when the prisoner fails to fully and fairly present his claims to the state courts before the time for him to do so has expired, he procedurally defaults and is foreclosed from federal habeas corpus review of those claims, absent a showing of cause and prejudice or a fundamental miscarriage of justice." In re Cook, 215 F.3d 606, 608 (6th Cir.2000). Thus, while the court will deny the petition and dismiss it without prejudice, the court expresses no opinion on whether the statute of limitations has already run on Petitioner's effort to obtain federal habeas review of any claim he might exhaust in the state courts, or indeed, whether the state courts will consider that he is procedurally barred from collateral review in that forum. In short, the Motion To Withdraw Habeas Corpus Without Prejudice (docket no. 11) is DENIED AS MOOT because the dismissal here is without prejudice. Petitioner is cautioned, however, that he may return to this court presenting only fully-exhausted claims, otherwise his petition is subject to dismissal with prejudice. See Slack v. McDaniel, 529 U.S. at 489, 120 S.Ct. 1595 (citing FED. R. CIV. P. 41(b)).

In this federal petition, Petitioner presents verbatim the same three arguments he presented to the state court of appeals. *Compare* Petition (docket no. 1), ¶ 12 A, B & C *with* Defendant's–Appellant's Brief, pp. 4, 14, 22 & 26 included in state court documents at Tab 1. In short, he complains that the trial court erred in admitting evidence of the results of a urine test on the victim, in admitting demonstrative evidence of drug paraphernalia, and in failing to remove a trial juror. In his answer to the petition, Respondent contends non-exhaustion. *See* Answer, ¶ 2; Supporting Brief. This court agrees, and because the claims presented here are non-exhausted, Petitioner cannot obtain relief in this court. 28 U.S.C. § 2254(b)(1)(A)(federal habeas relief "shall not be granted" unless the applicant has exhausted state court remedies).

■ In order to satisfy the exhaustion requirement, it is necessary that a habeas petitioner provide the state courts with a "fair opportunity" to apply controlling legal principles to the facts bearing on his constitutional claims. *Anderson v. Harless,* 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982); *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). As recently as this last term, the Supreme Court has re-affirmed the exhaustion requirement. *See Baldwin v. Reese,* —— U.S. ——, 124 S.Ct. 1347, 1349, 158 L.Ed.2d 64 (2004)("Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies ... thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.")(internal citations and quotation marks omitted). In order to give the state courts the requisite "fair opportunity," the claim brought in federal court must be the substantial equivalent of the claim presented to the state courts. *Gibson v. Scheidemantel,* 805 F.2d 135, 138 (3rd Cir.1986). The petitioner must provide the state courts with all of the facts to support a constitutional claim, as well as the same governing legal arguments that would be made in a federal court. *See, e.g., Williams v. Holbrook,* 691 F.2d 3, 6 (1st Cir.1982). While it is not necessary that a petitioner present his claim to the state court in terms of a "book and verse" citation to the federal Constitution, *Picard,* 404 U.S. at 278, 92 S.Ct. 509, the presentation must be such that it will alert the state court to the type of constitutional violation that is alleged to have occurred. *See Nadworny v. Fair,* 872 F.2d 1093, 1098 (1st Cir.1989).

■ In *Mallory v. Smith,* 27 F.3d 991 (4th Cir.1994), the Fourth Circuit observed that the test for exhaustion is not simple notice, and that "a habeas petitioner cannot simply apprize the state court of the facts underlying a claimed constitutional violation, the petitioner must also explain how those alleged events establish a violation of his constitutional rights." 27 F.3d at 994. The court went on the say that "[t]he ground relied upon must be presented face-up and squarely; the federal questions must be plainly defined." *Id.* at 995; *see also Matthews v. Evatt,* 105 F.3d 907, 910–12 (4th Cir.1997).

> [F]air presentation contemplates that both the operative facts and the controlling legal principles must be presented to the state court .... A claim has been fairly presented when a petitioner has properly raised the same factual grounds and legal theories in the state courts which he is attempting to raise in his federal habeas petition .... The burden of proving that a claim has been exhausted lies with the petitioner.

*Matthews,* 105 F.3d at 911(internal quotation marks and citations omitted). The application of these principles convinces this court that Petitioner has failed to exhaust his claims presented in this federal

petition. The claims are therefore procedurally barred, at least in terms of alleging a federal constitutional violation, and this court may not grant habeas relief on them. *See* 28 U.S.C. § 2254(b)(1)(A); N.C. GEN. STAT. §§ 15A–1419(a)(2) & –1419(b); *Bacon v. Lee*, 225 F.3d 470, 476 (4th Cir.2000)(explaining North Carolina procedural default rules).

Petitioner presented his claims to the state court of appeals purely in state law terms only. Specifically, his brief to the court of appeals contained only state case law and state statutory citations. *See* Defendant–Appellant's Brief, p. 3, included in state court documents at Tab 1. To satisfy the exhaustion requirement, a habeas petitioner must fairly present his *federal* claims to the state courts first. This is so because "[i]f state courts are to be given the opportunity to correct alleged violations of [a prisoner's] *federal* rights, they must surely be alerted to the fact that the [prisoner is] asserting claims under the United States Constitution." *Duncan v. Henry*, 513 U.S. 364, 365–66, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995)(emphasis added); *see also id.* at 366–67, 115 S.Ct. 887 (Souter, J., concurring)(noting that claim in state court was reasonably understood to raise a state-law issue only, not a federal issue; "Consequently, no federal claim was 'fairly presented to the state courts' ...."). As Petitioner's claims were presented in terms of state law only, he has failed to exhaust by fairly presenting those claims in federal constitutional terms. This failure means that Petitioner may not obtain federal habeas relief in this court.

It is true, as Respondent notes, that Petitioner used the phrase "United States Constitution" (and nothing more than that phrase) in his Petition For Writ Of Certiorari to the North Carolina Supreme Court. *See* Petition included as an attachment to Supporting Brief. The mere incantation of the phrase, however, does not satisfy the exhaustion requirement. *See Castille v.*

*Peoples,* 489 U.S. 346, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989)(noting that the mere presentation of claims to the state's highest court in a petition for discretionary review does not satisfy the exhaustion requirement); *see also Felton v. Barnett,* 912 F.2d 92, 94–95 (4th Cir.1990)(noting that certiorari is a form of discretionary review and the denial of certiorari often has nothing to do with the merits).

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that Respondent's Motion For Summary Judgment (docket no. 4) be GRANTED and that the Petition (docket no. 2) be DENIED.

August 25, 2004.