<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-7701**

ARTHUR SINGLETON,

                Plaintiff - Appellant,

      v.

WILLIE EAGLETON, Warden,

                Defendant - Appellee.

Appeal from the United States District Court for the District of
South Carolina, at Beaufort. R. Bryan Harwell, District Judge.
(9:08-cv-02539-RBH)

Argued: March 22, 2011           Decided: April 25, 2011

Before TRAXLER, Chief Judge, and MOTZ and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Leah Shen, DUKE UNIVERSITY SCHOOL OF LAW, Durham, North
Carolina, for Appellant. William Edgar Salter, III, OFFICE OF
THE ATTORNEY GENERAL OF SOUTH CAROLINA, Columbia, South
Carolina, for Appellee. **ON BRIEF:** James E. Coleman, Jr., Sean
E. Andrussier, Students Daniel Kronberg, Leslie Cooper Mahaffey,
Matthew Vandenberg, Paul A. Woodard, DUKE UNIVERSITY SCHOOL OF
LAW, Durham, North Carolina, for Appellant. Alan Wilson,
Attorney General, Donald J. Zelenka, Assistant Deputy Attorney
General, OFFICE OF THE ATTORNEY GENERAL OF SOUTH CAROLINA,
Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Arthur Singleton filed a pro se petition under 28 U.S.C. § 2254 in the district court asserting that his state trial counsel was ineffective for failing to file a direct appeal on his behalf. The district court denied relief. We affirm.

## I.

On September 23, 2003, Singleton was convicted in absentia by a South Carolina jury on two counts of assault and battery with intent to kill and one count of possession of a firearm during the commission of a crime of violence. Singleton knew his trial was starting on that date, but voluntarily chose not to attend. He was later apprehended. On February 26, 2004, the state court sentenced Singleton to twelve years imprisonment for the first assault conviction, seven years for the second assault conviction, and five years for the firearm conviction, all to be served concurrently. Singleton did not file an appeal.

On April 16, 2004, Singleton filed a state post-conviction relief ("PCR") application claiming that "[t]rial counsel was instructed to [a]ppeal [his] guilty verdict," but that counsel "failed to follow [his] instruction . . . which prejudiced [him] by denying him his first [a]ppeal as of right." J.A. 59. At the evidentiary hearing before the state PCR court, Singleton testified as follows:

> [W]hen they opened up my sentence, [trial counsel] walked me back in the . . . bull pen and he talked to me, and he . . . asked me did I want to appeal the case, and . . . I told him, yes.
>
> I instructed him to file the appeal . . . . And my mother and my girlfriend, [who] was the person responsible for paying him the money, instructed him as well to file for the appeal. And they witnessed that he told me he was going to file for the appeal.

J.A. 92. Singleton's counsel testified that Singleton did not instruct him to file an appeal and that he may have discussed the appeal with Singleton but, if so, "it was only to the standpoint of, . . . I don't think you have a case to appeal." J.A. 98-100. Counsel testified that if Singleton had asked him to file an appeal, he would have done so. The state PCR court found that counsel's testimony was credible and that Singleton's testimony was not credible, and denied relief. Singleton unsuccessfully petitioned for certiorari in the state supreme court, again asserting through appointed counsel that he was entitled to relief because he "asked trial counsel to file for an appeal . . ., but no appeal was ever filed." J.A. 205. After the state post-conviction proceedings were concluded, Singleton filed his pro se application for habeas relief in the district court, which was also denied.

4

II.

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court held that defendants have a Sixth Amendment right to "reasonably effective" legal assistance. Id. at 687. To prove a violation of this right, a defendant must show that his attorney's representation "fell below an objective standard of reasonableness," id. at 688, and that this failure prejudiced him, see id. at 691-92.

In Roe v. Flores-Ortega, 528 U.S. 470 (2000), the Supreme Court recognized two distinct scenarios in which a defendant may raise a claim of ineffective assistance of counsel for failure to file a notice of appeal. The first scenario occurs when "a lawyer . . . disregards specific instructions from the defendant to file a notice of appeal." Id. at 477. Where such a claim is established, the lawyer is per se deficient. See id. The second scenario occurs when trial counsel fails to consult with a defendant about an appeal and there was a "constitutionally imposed duty" to do so. Id. at 480. The duty to consult arises "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id.; see also Bostick v. Stevenson, 589 F.3d 160, 166 (4th Cir. 2009).

5

Singleton's claim in the state PCR proceedings fell squarely under the first scenario of Flores-Ortega. He claimed that trial counsel discussed filing an appeal with him immediately after his sentencing, but disregarded his specific instruction to file an appeal. The PCR state court made the requisite credibility determinations, found that Singleton did not instruct counsel to file an appeal, and denied relief.

Where a state court has adjudicated a claim on the merits, habeas relief may not be granted unless the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2). The "determination of a factual issue made by a State court shall be presumed to be correct" and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see Fisher v. Lee, 215 F.3d 438, 445-46 (4th Cir. 2000).

Here, the state PCR's factual finding, which must be presumed correct, was not rebutted by clear and convincing evidence. Because the state court's adjudication of the facts

6

in light of the evidence was reasonable, and its decision was neither contrary to nor an unreasonable application of the applicable federal law, Singleton was clearly not entitled to habeas relief on his claim that counsel was ineffective in failing to file an appeal as instructed, and we declined to grant a certificate of appealability as to it.

In his pro se § 2254 petition, however, it appeared that Singleton might also be claiming that his counsel was ineffective for failing to file a direct appeal on his behalf in violation of the "duty to consult" scenario discussed in Flores-Ortega. Accordingly, we appointed counsel and granted a certificate of appealability to consider the viability of such a claim. We now affirm.

A prisoner in state custody "generally must exhaust state court remedies, and a federal habeas court may not review unexhausted claims that would be treated as procedurally barred by state courts – absent cause and prejudice or a fundamental miscarriage of justice." Longworth v. Ozmint, 377 F.3d 437, 447-48 (4th Cir. 2004) (internal citation omitted); see 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State; or . . . there is an absence of available

7

State corrective process."). In sum, "[t]he exhaustion doctrine bars a claim if it is raised for the first time in a federal habeas petition." Mickens v. Taylor, 240 F.3d 348, 356 (4th Cir. 2001) (en banc); see also Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998).

In order to exhaust his available state court remedies, a petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim." Longworth, 377 F.3d at 448 (4th Cir. 2004) (citation and internal quotation marks omitted). To satisfy this requirement, "the ground must be presented face-up and squarely." Id. (internal quotation marks omitted); see also Mallory v. Smith, 27 F.3d 991, 994-95 (4th Cir. 2001). Otherwise, the state will be deprived of its "opportunity to correct the constitutional violation in the first instance." Longworth, 377 F.3d at 448 (internal quotation marks omitted). "The procedural default doctrine bars a claim when the habeas petitioner 'fails to exhaust available state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" Mickens, 240 F.3d at 356 (quoting Breard, 134 F.3d at 619); see Longworth, 377 F.3d at 447-48.

8

Having now had the opportunity to review and consider the state court record, it is apparent that Singleton failed to present to the state court the operative facts or legal arguments necessary to exhaust a failure-to-consult claim under Flores-Ortega. Not only did Singleton fail to present such a claim "face-up and squarely" to the state court, the evidence and arguments that he presented to the state court contradict it. Singleton testified that trial counsel did discuss filing an appeal with him immediately after the sentencing hearing. The only fact Singleton contested before the state court was whether or not he specifically directed counsel to file an appeal during or after that conversation. In addition, while Singleton claimed that he was per se prejudiced by trial counsel's failure to "follow [his] instruction" and file an appeal, J.A. 59, he never asserted before the state court that he was prejudiced from a forgone meritorious appeal. As a result, the parties had no reason to develop evidence about the content of the conversation between Singleton and his counsel, nor did the state PCR court need to make any findings regarding the consultation beyond the undisputed fact that it occurred.

Because Singleton did not fairly present a failure-to-consult claim under Flores-Ortega in the South Carolina state courts when he had the opportunity to do so, and because the state courts would now treat the claim as procedurally barred,

9

the claim is procedurally defaulted on federal habeas review as well.

## III.

For the foregoing reasons, we affirm the district court's denial of Singleton's petition for writ of habeas corpus.

<u>AFFIRMED</u>

10